388 A.2d 1053

**COMMONWEALTH of Pennsylvania**

v.

**David STANTON, Vaughn Howell and Gerald Hinkley.**

**Appeal of Vaughn HOWELL.**

Supreme Court of Pennsylvania.

Submitted Jan. 10, 1978.

Decided July 14, 1978.

522

Gerald C. Grimaud, Tunkhannock, for appellant.

Edward P. Little, Jr., Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POM-EROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Vaughn Howell, was tried by a judge and a jury and was convicted of burglary. Post-verdict motions were denied and appellant was sentenced to three-to-ten years' imprisonment.

An appeal was filed with the Superior Court. That court remanded the matter for resentencing because appellant's counsel had not been given an opportunity to inspect the presentence report, but affirmed the judgment of sentence in all other respects. *Commonwealth v. Stanton,* 239 Pa.Super. 47, 362 A.2d 355 (1976). Appellant filed a petition for allowance of appeal, which this court granted.

The facts are as follows. Shortly before midnight on August 18, 1973, appellant and his co-defendants, Gerald Hinkley and David Stanton, were drinking at Red's Diner in Springville Township, Susquehanna County. Appellant offered to sell Hinkley four calves and one beef cow for $600. The four calves were taken from the barn of Roger Sherman while the beef cow was taken from the barn of Dale Brown. Hinkley gave appellant a check for $150 with the balance of $450 due within two weeks.

Sherman and Brown discovered their animals were missing the next morning. Both farmers notified the police. Subsequent investigation led to the arrest of all three co-defendants.

Appellant testified in his own defense, claiming that Sherman owed him money for work performed. When appellant pressed Sherman for the money, Sherman told him he was short of cash. As appellant had helped Sherman for a number of years and Sherman had often paid his debts by giving cattle, the pair discussed paying appellant in cattle. Sherman offered appellant any four calves of his choice. When told this was insufficient, Sherman offered to throw in a beef cow. For some reason, appellant believed the cow was the one eventually taken from the Brown farm.[1]

Appellant testified that on the night the cattle were taken, he intended to tell either Sherman or a member of the family that he was taking the cattle. When driving past the Sherman farmhouse, however, appellant saw no lights on, so he decided to wait until the next day to tell Sherman he had taken the cattle. After taking the beef cow from the Brown farm, appellant and his co-defendants went to the Sherman barn and took the four calves.[2]

1. Various witnesses and Sherman himself testified that he kept his cattle in four barns in the area. Sherman further testified, however, that he never kept any cows in the Brown barn.

2. At trial, Sherman testified that appellant always had permission to go in and out of the barn, because appellant had, for a number of years, provided various services to Sherman.

Appellant and Hinkley[3] were convicted of burglary for their entry into the Brown barn, but acquitted of the charges relating to their entry of the Sherman barn. Further, both were acquitted of the charges of theft of the livestock.

■ Appellant first argues that the evidence is insufficient to sustain his conviction for burglary. We do not agree.

The Crimes Code provides:

". . . A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 3502(a).

In *Commonwealth v. Rose,* 463 Pa. 264, 267–68, 344 A.2d 824, 825–826 (1975), we stated:

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt. . . . Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. . . . The fact-finder is free to believe all, part, or none of the evidence." (Citations omitted.)

Viewing the evidence in the light of this standard, we believe the evidence is sufficient to sustain appellant's conviction for burglary.

**3.** Co-defendant Stanton pled guilty and testified as a Commonwealth witness.

Appellant next argues that he was denied the effective assistance of trial counsel.[4] He claims counsel was ineffective for failing to object to the trial court's charge on the intent necessary to convict for burglary. We agree with appellant and grant him a new trial.

In *Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967), we stated:

".   .   . our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record." (Emphasis in original.)

The exact question for our disposition, as set forth in Judge Hoffman's dissenting opinion in the Superior Court, is:

".   .   . [W]hether the charge considered as a whole is 'a fair and complete presentation of the issue and theories involved?' *Delp v. Heath,* 234 Pa.Super. 607, 340 A.2d 530 (1975); because, if the charge was inadequate to inform the jury of the law, counsel was ineffective in failing both to object after the charge and to supplement the charge with an appropriate point for charge." *Commonwealth v. Stanton, supra,* 239 Pa.Super. at 63, 362 A.2d at 363.

In the instant case, appellant was charged with burglary. He admitted entering both barns, but denied having the requisite intent required to sustain a conviction for burglary. The jury's proper understanding of intent was paramount in this case. Yet, as pointed out by Judge Hoffman:

"The portions of the lower court's charge relevant to intent are as follows: 'This is the indictment and it is

4. On appeal to the Superior Court, appellant was represented by new counsel. Appellant raised various instances of ineffective assistance of trial counsel, but the precise issue now being considered was not raised until a reply brief, which is too late. Counsel, however, argues his own ineffectiveness for failing to include this claim in the original Superior Court brief. As the error is apparent from the record, counsel can argue his own ineffectiveness and we will consider the issue on the merits. *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978).

basically following the words of the statute. One statute, the burglary section says: a person is guilty of burglary if he enters into a building . . . with the intent to commit a crime therein unless the premises are at the time open to the public or the act [or] is licensed or privileged to enter.' *The court did not define intent.* Later in the charge, the court stated that '. . . [t]he Commonwealth say [sic] these defendants went to the barn of Mr. Sherman and Mr. Brown respectively and they took from those barns cattle belonging to Mr. Sherman and Mr. Brown.

" 'If you accept the testimony as it has been presented and you believe what the Commonwealth has told you then, of course, they have established the crime of burglary and the crime of theft, always remembering that the theft would be incorporated into the burglary itself . . .

" 'I told you what the one side of the issue is that the Commonwealth says that these people went in and took cattle out of the barns and therefore they committed a burglary.'

"After discussing the appellants' defense, the court commented that '. . . we are not talking about the actualities here. *We are talking about intent. Did this and this is what the Commonwealth has got to prove; that he Vaughn Howell took this cattle, this cow and these calves, with the mind of a thief.* If he did, he is guilty. If he didn't though and if his belief is such that a reasonable man could entertain, if that belief was reasonable, then of course you don't have the necessary intent or mind of a thief to deprive the owner thereof.'

"Counsel then submitted additional points for charge, including the following point which tracks the language of §§ 302 and 304 of the Crimes Code. 'A person is [not] guilty of an offense unless he acted intentionally, knowingly, recklessly or negligent[ly] as the law may require with respect to each material element of the case. Ignorance or mistake [as] to a matter of fact [for] which there

is a reasonable explanation or an excuse is a defense if: 1. The ignorance or mistake negatives the intent, knowledge, belief, recklessness or negligence *required to establish a material element of the offense or the law provides that the state of mind established by such ignorance or mistake constitutes a defense.' The court read this charge to the jury verbatim. There was no explanation that burglary requires intent and that the jury could not convict if appellant had acted only recklessly or negligently."* Id. 239 Pa.Super. at 61–62, 362 A.2d at 362–363. (Emphasis added.)

We believe the court's charge is confusing and thus inadequate for two reasons. First, as alluded to by Judge Hoffman, the trial court never made it clear that a conviction for burglary requires a specific intent on the part of the actor. The jury could have believed that appellant could be convicted for negligently or recklessly entering the Brown barn. Second, when speaking of intent, the court told the jury that they had to be convinced that appellant entered the barn "with the intent of a thief." As Judge Hoffman stated:

".    .    . 'Mind of a thief' is not self-defining, but is a term of art which in turn requires definition. A 'thief' under § 3921 of the Crimes Code, is one who 'unlawfully takes, or exercises unlawful control over, movable property of another with *intent* to deprive him thereof.' (Emphasis added.) Thus to know a thief, the jury had to know what it meant to have an intent. Again, the judge's charge failed to define intent, thereby leaving the jury free to substitute its own definition for an essential element of the offense." Id. 239 Pa.Super. at 64, 362 A.2d at 364. (Footnote omitted.)

In our view, we find no reasonable basis designed to effectuate appellant's interest in counsel's actions regarding the court's charge on intent. As such, appellant was denied the effective assistance of counsel and is entitled to a new trial.

Judgment of sentence reversed and case remanded to the Court of Common Pleas of Susquehanna County for a new trial.

POMEROY, J., dissents.