406 A.2d 533

**COMMONWEALTH of Pennsylvania**

v.

**Jesse Carmen STAGO, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1979.

Decided June 13, 1979.

Application for Allocatur Denied Oct. 3, 1979.

1. Appellee also appealed, said appeal having been discontinued on October 3, 1978.

92

Richard L. Guida, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

· Before CERCONE, President Judge, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant was convicted of rape,[1] involuntary deviate sexual intercourse,[2] corruption of a minor,[3] incest,[4] and simple assault.[5] In this direct appeal, he alleges several errors by the trial court and by his trial counsel. We conclude that his trial counsel was ineffective for not objecting to the court's failure to define simple assault and incest in its charge to the jury and, accordingly, reverse and remand for a new trial on those charges.

On January 24, 1978, Lower Paxton Township police arrested appellant and filed criminal complaints alleging that appellant committed all the above offenses at divers times between 1972 and 1977 against his daughter Angela, aged 13 years at the time of arrest.

On May 31, 1978, jury trial commenced. Prior to appellant's appearance in the courtroom and without objection from appellant's trial counsel, the trial judge posed several *voir dire* questions to the jury panel: whether they personally knew appellant, members of his family, or either counsel; whether they were clients of either counsel's law firm. Appellant then appeared in the courtroom, the trial judge asked against whether any members of the panel personally knew appellant, and *voir dire* proceeded. No member of the jury was selected in appellant's absence.

Viewed in the light most favorable to the Commonwealth, the following evidence was adduced at trial:

Appellant's 13 year old daughter Angela testified that from the time she was eight years old appellant had forced her to engage in genital and oral sexual intercourse with him approximately once or twice a week, usually upstairs in

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa. C.S.A. § 3121.

2. The Crimes Code, *supra*; 18 Pa. C.S.A. § 3123.

3. The Crimes Code, *supra*; 18 Pa. C.S.A. § 4302.

4. The Crimes Code, *supra*; 18 Pa. C.S.A. § 3125.

5. The Crimes Code, *supra*; 18 Pa. C.S.A. § 2701.

her bedroom. She testified that "If I didn't, he'd beat me up." Appellant would send his wife, Angela's mother, out to shop and would tell his two younger daughters to watch television or play outside. Angela last had sexual contact with appellant in May or June 1977. In August 1977, her parents were divorced, and the mother took custody of Angela and her two sisters. Angela never told anyone about her sexual encounters with her father until January 1978, after an altercation with her mother and younger sister, Stephanie. Angela also testified that appellant beat her approximately once a week, using his open hand, fist, or a belt, and that such beatings were painful and left visible bruises. Angela's mother testified that she was unaware of appellant's sexual molestation of Angela until January 1978 when Angela told her. Her description of appellant's sexual practices matched Angela's description. Both Angela's mother and family friends testified that appellant frequently wanted Angela's mother to go out shopping and that he would be upset when he could not find someone to accompany her. Angela's 11 year old sister Stephanie corroborated Angela's testimony that appellant would tell her to watch television while he and Angela were upstairs alone in the bedroom. Several family and school friends testified that they had seen appellant beat Angela and has seen large bruises on her face, neck, arms, and buttock.

Over appellant's objection, Angela's treating psychologist testified that child-victims of incest frequently felt depressed, guilty, and angry and required psychiatric care and hospitalization.

Appellant admitted that he had a bad temper and that he had beat Angela several times, leaving bruises. In general, he and his witnesses characterized his actions as disciplinary measures. Appellant admitted that he occasionally lost control. He categorically denied any sexual molestation of Angela and stated that Angela often lied and was a difficult child.

In its charge to the jury, the trial judge defined simple assault as "a physical contact by one person to another that

is not accidental." He did not instruct the jury at all on the crime of incest. Appellant's trial counsel neither objected to the court's charge nor requested additional instructions. On June 2, 1978, the jury found appellant guilty on all charges, including simple assault and incest.

After the verdict, appellant engaged new counsel who filed post-verdict motions alleging both trial court errors and several instances of trial counsel ineffectiveness. After hearing testimony on July 21, 1978 relating to the ineffectiveness claims, the lower court denied appellant's post-verdict motions. On September 19, 1978, the court sentenced appellant to the following concurrent terms of imprisonment: (1) 10 to 20 years for rape and involuntary deviate sexual intercourse, (2) 2½ to 5 years for incest and corrupting a minor, and (3) one to two years for simple assault. This appeal followed.

■ Appellant contends that his conviction for all charges except simple assault was not supported by sufficient evidence or by the weight of the evidence. We have stated the test for sufficiency many times. *See e. g. Commonwealth v. Santiago*, 476 Pa. 340, 382 A.2d 1200 (1978); *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976); *Commonwealth v. Eddington*, 255 Pa.Super. 25, 386 A.2d 117 (1978). Examination of the record shows that, taken in the light most favorable to the Commonwealth, the evidence and all reasonable inferences therefrom were sufficient to prove appellant guilty beyond a reasonable doubt of rape, involuntary deviate sexual intercourse, and corrupting a minor. Appellant correctly points out that Angela's testimony concerning appellant's improper sexual conduct was crucial to his conviction. He urges us to conclude, *as a matter of law*, that her testimony is not worthy of belief because she had been hospitalized in a psychiatric unit for 2½ months before trial, she delayed in telling anyone of the sexual assaults, and she indicated after her parents' divorce that she wanted to live with appellant. Appellant never challenged Angela' competency to testify. Her testimony was lucid and unambiguous; moreover, she explained that her long silence and previously

stated desire to live with appellant were products of her fear of appellant. "It is the exclusive function of the factfinder to assess the credibility of witnesses and determine the weight to be accorded their testimony." *Commonwealth v. Bridell*, 252 Pa.Super. 602, 607, 384 A.2d 942, 945 (1978). *See Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Rose*, 463 Pa. 264, 344 A.2d 824 (1975). The jury chose to believe Angela and not appellant; we find no basis to overturn its choice.

Appellant next contends that the court erred in allowing Angela's psychologist to give his opinion of Angela's credibility. Our review of the record shows that the psychologist gave no such opinion; accordingly, this contention is without merit.

 Appellant's remaining contentions all concern his trial counsel's alleged ineffectiveness. Because his new counsel raised specific instances of ineffectiveness at the first opportunity in timely filed written post-verdict motions and reasserts them in this direct appeal, appellant has properly preserved the issue for our review. *See Commonwealth v. Hubbard*, 472 Pa. 259, 276–77 n. 6, 372 A.2d 687, 695 n. 6 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). We must first determine whether appellant's claims of ineffectiveness have arguable merit; if so, we must then analyze whether the course chosen by trial counsel had "'*some reasonable basis* designed to effectuate his client's interest.'" *Hubbard, supra*, 472 Pa. at 277–79, 372 A.2d at 695, quoting *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967).

 Appellant first contends that counsel was ineffective for not objecting to the trial court's partial *voir dire* examination of the jury panel in appellant's absence. Although none of the jury was selected during his absence, *see Commonwealth v. Tolbert*, 246 Pa.Super. 23, 369 A.2d 791 (1977), he claims that his inability to observe the prospective jurors' reactions to the court's questions prejudiced his later exercise of peremptory challenges. Pa.R.Crim.P. 1117(a)

provides: "The defendant shall be present at . . . every stage of the trial including the impanelling of the jury . . . . The defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict." The court found, and the record supports the finding, that appellant's late arrival was not excused; accordingly, the court did not err in commencing *voir dire* in his absence. *See Commonwealth v. Andrews*, 245 Pa.Super. 547, 369 A.2d 762 (1977). Moreover, *"[v]oir dire* examination is not intended to provide a defendant with a better basis upon which to utilize his peremptory challenges." *Commonwealth v. England*, 474 Pa. 1, 375 A.2d 1292 (1977). Because appellant's contention is without arguable merit, his trial counsel was not ineffective for failing to object.

■ Appellant next contends that his counsel was ineffective for not objecting to the trial judge's remark wherein he presumed that appellant would later testify. The remark occurred when the court, over Commonwealth objection, allowed a defense witness to testify concerning the contents of a telephone conversation he overheard between appellant and a child even though no foundation had been laid that the child he heard was Angela. There followed this exchange:

"THE COURT: All right, if he [the witness] was on the extension [of the telephone], we will let him testify.

. . . . .

"If he was on an extension *and presumably your client is going to testify that it was the daughter.*

"MR. KOGAN [APPELLANT'S TRIAL COUNSEL]: Yes." (emphasis added) Appellant claims the court's remark "fettered" the exercise of his right to remain silent. Because appellant's trial counsel told the jury in opening argument that appellant would testify and appellant does not allege that he ever intended to remain silent, we conclude that counsel was not ineffective for not objecting to the court's remark. *Cf. United States v. Polizzi*, 500 F.2d 856 (9th Cir. 1974), *cert. denied* 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975).

Appellant next contends that his trial counsel was ineffective for not objecting to the District Attorney's reference to appellant as an "animal" during closing argument. No transcription of the closing argument was made. On the basis of testimony at the post-verdict hearing, the lower court found that the District Attorney made no such reference. We will not disturb a finding supported by the record. *See Commonwealth v. Howe*, 246 Pa.Super. 7, 369 A.2d 783 (1977). Accordingly, this ineffectiveness claim must also fail.

Lastly, appellant contends that his trial counsel was ineffective for not objecting to the lower court's failure to define adequately the crimes of simple assault and incest in its charge to the jury.[6] The Commonwealth concedes, as it must, that the court gave no charge at all on incest and only an incomplete charge on simple assault, to wit: ". . . all that means is a physical contact by one person to another that is not accidental." However, the Commonwealth argues that appellant's trial counsel had a reasonable basis for not objecting.[7] We disagree.

6. Appellant also contends that his trial counsel was ineffective for not objecting to the trial court's unfair and detrimental emphasis upon appellant's psychiatric expert witness in the charge to the jury. Our review of the charge as a whole shows that the trial court instructed the jury concerning the testimony of both parties' expert witnesses and did not unfairly or prejudicially emphasize appellant's witness. Appellant also contends that his trial counsel was ineffective for not objecting to the court's alleged statement that appellant was guilty of simple assault. Because we reverse and remand the simple assault conviction, we need not reach this issue.

7. During the post-verdict hearing on ineffectiveness claims, appellant's trial counsel offered the following explanations for his failure to object:

"Q. Did you hear the Judge charge on the crime of simple assault?
"A. Yes.
"Q. Did you feel that the defendant's testimony throughout trial had any bearing on that charge or in fact he had essentially admitted the crime of simple assault?
"A. Well, I don't think that there was every any dispute in any of the testimony whether from prosecution witnesses or defense witnesses that Mr. Stago had over-disciplined his children and on occasions had struck his wife, that he did so with force and that the acts to which he testified, his mother testified and the prosecution wit-

nesses would constitute simple assault. I don't think he ever admitted, though, specifically in words I committed simple assault on anyone.

"Q. What did you feel would have been the result or would have influenced the jury had you objected at that time to the charge?

"A. Well, that's always a difficult, you know, point in terms of objecting to a portion of the charge. If the objection is sustained, the Judge then specifically charges on that crime and that reenforces the point in the jury's mind. If you don't object or if the objection is overruled, it looks like you are being, you know, hypertechnical and that you are trying to pull something off on the jury. In that specific instance, you know, it was, you know, it was my belief that the charge was adequate given the testimony in this case, the testimony was very clear on that point.

"Q. Let's carry that over into the charge or lack of charge on the crime of incest. Did you see the definition of incest as being one of the key elements or an important factor in the case?

"A. Well, I think it would certainly be an important factor in the case relating to the charge of incest, that particular count, yes, but that was only one count out of five or six in this case and that the most serious of them involved potential sentences that were substantially longer than that pertinent to incest and again it was a question if you object and the Judge sustains the objection and goes into a complete definition of incest my feeling was you would be reenforcing it in the jury's mind at that point.

"There had been some discussions previous to that point in the trial in chambers regarding a plea arrangement which did not arrive in a guilty plea being entered but in which the Judge had indicated that most likely he would dispose of this matter even after a jury verdict with a concurrent sentence as opposed to consecutive sentences and that this was not the most serious of the offenses, so I didn't feel that it would be advantageous to Mr. Stago to ask the Judge specifically to define that for the jury because I think it would have only reenforced that in their minds.

"Q. Regarding both the simple assault and the incest issue, do you feel that had you objected that the time at which you would have objected during the trial would have played a factor in the jury's deliberations, I mean, the beginning or the end of the trial?

"A. Well, it would have been hard to object to the definitions since the Judge wouldn't have charged on those until the end of the trial. . . .

"Q. Did you feel that it would stick in the jury's mind more or reenforced the issue more had you objected right before the jury deliberated.

"A. Oh, yes, I think I said that before, you know, when you stand up to object right at the end of the trial when the Judge is charging, you know, then it looks like you are trying to cover something up just before the jury goes out and if it is not a crucial point to the whole case, I felt that it wasn't, then I would not object. Whether I was right or wrong, I don't know."

On cross-examination, appellant's trial counsel testified as follows:

Our Supreme Court has stated that a trial court's failure to elucidate relevant legal principles to a jury deprives an accused of a fair trial. *Commonwealth v. Bishop*, 472 Pa. 485, 372 A.2d 794 (1977). *See Commonwealth v. Johnson*, 206 Pa.Super. 147, 211 A.2d 100 (1965) (failure to define the crimes of which a defendant stands accused was fundamental error). "No less than a defendant who seeks to enter a plea of guilty, a jury in order to reach an intelligently based verdict of guilty must be informed of the basic elements of the crime or crimes involved. [The crime] must be identified and described by more than merely its name; there must be an understandable delineation of the elements of the offense." *Commonwealth v. Shadron*, 471 Pa. 461, 469–470, 370 A.2d 697, 701 (1977). Clearly appellant states an issue of arguable merit; we must therefore analyze whether trial counsel's failure to object to the charge had "some reasonable basis designed to effectuate his client's interest." *Commonwealth ex rel. Washington v. Maroney, supra.*

In order to determine whether trial counsel's stated strategy was reasonable, we must decide whether correct charges, foregone by counsel's strategy, were "crucial" or "paramount" to appellant's case. In *Commonwealth v. Stanton*, 479 Pa. 521, 388 A.2d 1053 (1978), our Supreme

**Note 7.—Continued**

"Q. At the time of the charge or just at the time of the charge, immediately thereafter were you aware of the definition of simple assault as it appears in the crimes code?

"A. Yes.

"Q. And were you also aware of the definition of bodily injury which is interpreted or the term bodily injury which is defined at a place in the crimes code other than with that particular statute?

"A. Yes, I am familiar with the relevant portions of the crimes code, Mr. Guida.

"Q. Is it your testimony that you were aware that the Court in charging on simple assault—let me rephrase that. Were you aware at the time of the charge that the Court had misstated the definition of simple assault?

"A. No.

"Q. Were you aware at the time of the trial or right after the charge that the Court had apparently forgot to charge the jury on the crime of incest?

"A. Was I aware at the time of the trial?

"Q. At the time of the charge or immediately thereafter.

"A. Probably not."

Court held that counsel was ineffective for not objecting to the court's erroneous definition of the intent element of burglary when the "jury's proper understanding of intent was paramount." *Id.*, 479 Pa. at 525, 388 A.2d at 1055. On the other hand, "[i]t is conceivable that when the trial court gives an erroneous charge on a tangential issue, a trial counsel might refrain from objecting so as not to emphasize certain issues in the jury's mind at the expense of others which he deems more crucial. However, when the court charges erroneously on an issue, and the defense case is absolutely dependent upon the jury's correct understanding of that issue, there can be no reasonable basis for defense counsel's failure to object." *Commonwealth v. Miller*, 448 Pa. 114, 123–124, 290 A.2d 62, 67 (1972) (erroneous instructions on right of self-defense were "basic and fundamental error" requiring new trial and trial counsel should be deemed ineffective). The Supreme Court reiterated this "tangential-crucial" test in *Commonwealth v. Cartagena*, 482 Pa. 6, 24, 393 A.2d 350, 359 (1978):

"In recent years, this court has required trial courts to adequately define the elements of crimes in certain instances. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) (we held that for a guilty plea colloquy to be valid, the accused must be told the elements of all the crimes to which he is pleading guilty); *Commonwealth v. Shadron*, [*supra*], (we held it was error for a court to charge a jury on felony-murder without defining the underlying felonies); *Commonwealth v. Young*, 474 Pa. 96, 376 A.2d 990 (1977), (we found error where a trial court charged the jury that the defendant could be held liable for the acts of his co-conspirators while failing to define the elements of conspiracy).

. . .

"In all three of the aforementioned cases, the definitions of the crimes in question were crucial for the conviction of the defendants therein." The Court then held that the trial judge committed no error in not defining crimes which were merely "illustrations" of provocation and "peripheral issues at best" to the elements of self-defense. *Id.*, 482 Pa. at 24,

393 A.2d at 359. *See also Commonwealth v. Jones*, 450 Pa. 442, 299 A.2d 288 (1973) (inadequate instruction on causation does not require reversal when causation not disputed); *Commonwealth v. Darcy*, 362 Pa. 259, 66 A.2d 663 (1949) (omission in charge not reversible error where omitted element not contested and evidence on element incontrovertible).[8]

In the instant case, appellant pled not guilty to and denied at trial all the charges. Although he admitted that Angela was his daughter, he denied that he "knowingly . . [had] sexual intercourse" with her. 18 Pa. C.S.A. § 4302. Similarly, by characterizing his beating of Angela as disciplinary, he attempted to deny the simply assault charge. Although appellant's trial counsel presented an "after-the-fact explanation of a calculated and deliberate strategy, the question still remains as to whether this strategy had any reasonable basis." *Commonwealth v. Townsell*, 474 Pa. 563, 569, 379 A.2d 98, 101 (1977).[9] The Commonwealth must prove every material element of the offenses beyond a reasonable doubt. *Bishop, supra.* The jury's proper understanding of the nature and elements of the contested crimes of incest and simple assault was, therefore, crucial to appel-

---

**8.** We note that the instant case does not present a situation where trial counsel "deliberately bypassed" objecting to a charge because his chosen and reasonable trial strategy conflicted with another strategy where the objection would be appropriate. *See Commonwealth v. Sullivan*, 450 Pa. 273, 275, 299 A.2d 608, 610 (1973); *Commonwealth v. McGrogan*, 449 Pa. 584, 297 A.2d 456 (1972); *Commonwealth v. Pfaff*, 233 Pa.Super. 153, 335 A.2d 751 (1975), *reversed on other grounds*, 477 Pa. 461, 384 A.2d 1174 (1978).

**9.** In the instant case, we are especially leery of trial counsel's proffered explanations because of his testimony on cross-examination at the post-verdict hearing. *See* n. 6 *supra.* He testified that he was not aware that the trial court had misstated the definition of simple assault and was "probably not" aware of the complete omission of a charge of incest. In deciding claims of ineffectiveness, "the only inquiry is whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered as advancing and protecting the appellant's interest." *Commonwealth v. Roundtree*, 469 Pa. 241, 249, 364 A.2d 1359, 1363 (1976). "[S]loth or lack of awareness of the available alternatives" may constitute ineffectiveness. *Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975).

lant's case. That the evidence was sufficient to convict was no reason not to challenge omissions and inaccuracies in the court's instructions. *Cf. Commonwealth v. Ewell*, 456 Pa. 589, 319 A.2d 153 (1974); *Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975). Counsel's stated strategy of emphasizing to the jury credibility issues and deemphasizing the factual allegations was not a reasonable basis for abandoning proper objections to crucial portions of the charge. Such strategy left the jury free to follow the court's inaccurate and incomplete charge on simple assault and to define for itself the crime of incest. *See Stanton, supra*, 479 Pa. at 527, 388 A.2d at 1056 (adopting the Dissenting Opinion in the Superior Court of HOFFMAN, J.). Accordingly, we hold that trial counsel was ineffective for not objecting to the trial court's charge concerning simple assault and incest.

Judgment of sentence for crimes of rape, involuntary sexual intercourse, and corruption of a minor is affirmed. Judgment of sentence for crimes of simple assault and incest is reversed and the case is remanded for new trial.

WIEAND, J., concurs in result.