592 A.2d 687

**COMMONWEALTH of Pennsylvania**

**v.**

**Daniel Patrick MESCALL, Appellant.**

Superior Court of Pennsylvania.

Argued April 2, 1991.

Filed June 6, 1991.

328

Spero T. Lappas, Harrisburg, for appellant.

Kathy G. Wingert, Deputy Dist. Atty., Harrisburg, for the Com., appellee.

Before JOHNSON, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence pronounced on August 14, 1990. A jury convicted appellant of one count of robbery,[1] one count of theft by unlawful taking,[2] and one count of unauthorized use of an automobile.[3] He was acquitted of another charge of simple assault.[4] Trial counsel for appellant failed to file post-verdict motions on his behalf. This timely appeal followed.[5]

The facts of this case are summarized as follows: Appellant, Daniel Patrick Mescall, married the complainant, Arlene Mescall in July of 1989. They resided in Dauphin County. Both parties testified that there were a plethora of domestic embroilments between them before and during the

1. 18 Pa.C.S.A. § 3701.
2. *Id.* § 3921.
3. *Id.* § 3928.
4. *Id.* § 2701.
5. After appellant filed notice of appeal to this court, he and the Commonwealth filed a joint motion requesting this court to remand the case for filing of post-verdict motions. By per curiam order dated, November 8, 1990, this motion was denied.

marriage. After one of these altercations on November 24, 1989, Mrs. Mescall left her husband. Because he would not give her an opportunity to pack her clothes, she wrote him a letter telling him that she was leaving him and requesting her clothes back.

On December 3, 1989, Mrs. Mescall went to her husband's house to get her clothes. Her husband was not at home. However, his father was there visiting and let her in. The two began to talk about the condition of her marriage to his son when appellant walked into the house. Another altercation ensued whereby appellant and his wife began struggling. In the course of the struggle, Mrs. Mescall hit her head on a glass cake plate thereby sustaining injuries. Also, during this struggle, appellant held down his wife's hand while seizing her engagement ring from her other hand.

The evidence is conflicting as to the following course of events. Mrs. Mescall testified that she was so scared, she ran out of the house to drive home. She then testified that appellant pursued her, threw her out of her car and drove away in the car. In contrast, appellant testified that when she ran out, she had forgotten her car keys in the house. When she returned for the keys, he took them and stated he needed to use the car. After arguing further with Mrs. Mescall, appellant took the car and drove to Philadelphia. Appellant's father corroborated appellant's recollection of the events. Once in Philadelphia, he parked the car, left the keys inside and left the doors unlocked. Appellant testified that when he returned, the car was gone. He then stated that he boarded a train for Harrisburg, never reporting the car missing to the local authorities. A state police officer testified at trial that the car was eventually found in central Pennsylvania. The car had been completely destroyed by fire.

Appellant raises five issues for our review. All the claims allege that trial counsel was ineffective in his representation for the following reasons:

1. failing to file post-verdict motions;

2. failing to object to the admission into evidence of appellant's prior bad acts;

3. failing to object to the trial court's elimination of an element of robbery in his instructions to the jury.

4. failing to object to the court's refusal to instruct the jury that the personal property in question may have been marital property;

5. failing to object to the admission into evidence that the automobile in question was found completely destroyed by fire.

We will discuss each of these issues *seriatim.*[6]

Claims of ineffectiveness of counsel are subject to a three part analysis. First, it must be demonstrated that the underlying claim is of arguable merit. Next, it must be determined whether counsel's choice of action had some reasonable basis designed to effectuate his or her client's interests. Finally, a showing must be made of how counsel's choice of action prejudiced the client. *Commonwealth v. Tavares,* 382 Pa.Super. 317, 321, 555 A.2d 199, 201 (1989). The test for prejudice is "whether one can say with confidence that the jury would have returned a guilty verdict if counsel had provided effective assistance." *Commonwealth v. Groff,* 378 Pa.Super. 353, 372–73, 548 A.2d 1237, 1247 (1988). The law presumes that counsel was effective, so that the burden of establishing ineffectiveness rests squarely upon the defendant. *Commonwealth v. Smith,* 380 Pa.Super. 619, 552 A.2d 1053 (1989). Moreover, counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Cook,* 383 Pa.Super. 615, 557 A.2d 421 (1989). A corollary to our three-prong test is that if any one of the requirements is not met by appellant, his claim of ineffectiveness must fail. With this standard in mind, we turn now to the merits of appellant's claims.

**6.** We find that the issues presented are properly before this court since this is the first opportunity for appellant to raise the ineffectiveness claims. *Commonwealth v. Hill,* 302 Pa.Super. 377, 448 A.2d 1090 (1982) (where appellant was first represented by different counsel, his ineffectiveness claims are properly before the court).

■ Appellant claims that trial counsel was ineffective for failing to object to evidence of prior bad acts to which the complainant, Mrs. Mescall, testified. Assuming *arguendo* that appellant's claim is of arguable merit, we fail to see how he was prejudiced by this testimony. Specifically, the testimony concerned prior acts of assaultive conduct on the part of appellant. Mrs. Mescall testified that appellant had physically abused her on previous occasions. Yet, despite this testimony, the jury acquitted appellant of simple assault. Appellant argues however, that had this evidence been properly excluded, the jury would have been more likely to acquit him of the other charges against him. We cannot agree. Even without this testimony, the jury had ample evidence before it to convict appellant of robbery, theft by unlawful taking and unauthorized use of an automobile. We therefore find that trial counsel was not ineffective for failing to object to this testimony.

■ Appellant next avers that trial counsel was ineffective for failing to object to the trial court's elimination of one of the elements of robbery from the instructions to the jury. The information charges appellant with robbery of his wife's engagement ring and her car. The evidence adduced at trial was sufficient to prove that appellant had robbed the victim of her ring, but insufficient to prove that he had robbed her of her car. Thus, in his instructions to the jury, the trial judge excluded the robbery of the car from deliberation and left the jury to consider the robbery of the ring only.

Appellant cites this court's holding in *Commonwealth v. Stago*, 267 Pa.Super. 90, 406 A.2d 533 (1979) that "when the court charges erroneously on an issue, and the defense case is absolutely dependent upon the jury's correct understanding of that issue, there can be no reasonable basis for defense counsel's failure to object." *Id.*, 267 Pa.Superior Ct. at 101, 406 A.2d at 538. *Stago* however, is inapposite. In that case, trial counsel was deemed ineffective for failing to object to an incomplete instruction for the charge of simple assault, and a lack of instructions on the charge of

incest. The court explained that trial courts are required to adequately define the elements of crimes. *Id.*

Instantly, appellant does not attack the adequacy of the instructions for the charge of robbery. Instead he attacks the exclusion of the car from the jury's consideration. In its simplest form, he argues that since he was charged with robbing his wife of both the car and the ring, he must have been found to have robbed her of both the ring and the car in order to be convicted. Appellant has not provided us with authority for this novel proposition, nor has our exhaustive research located any. Furthermore, the absurdity of his contention is clear. The fact that the prosecution could not meet its burden of proving robbery of the car does not eliminate the finding that he robbed his wife of her engagement ring. A robbery was committed. Since the jury was properly instructed as to the elements of robbery, we find appellant's argument meritless.

■ Thirdly, appellant argues that trial counsel was ineffective for failing to object to a prejudicial statement made by the complainant during her direct testimony. The pertinent testimony found in the trial transcript is as follows:

A. (by complainant)

And I wrote in this letter, I asked a friend of his to at least let me have my clothes. His response to her was *I hate all women.*

N.T. 6/18/90 at 18 (emphasis added).

This statement is a textbook example of double hearsay. Packel & Poulin, *Pennsylvania Evidence* § 806 (1987). While the statement appellant made to the victim's friend may have been an admission by a party, the friends statement to the victim was hearsay with no exception to allow its admission. Trial counsel failed to object to this statement. Nevertheless, appellant has not demonstrated how he was prejudiced by trial counsel's dereliction.[7] Prejudice

---

7. While we are cognizant that such a statement is inherently prejudicial, our review must be concerned with the resulting prejudice from trial counsel's failure to object, not the evidentiary value of the statement itself.

in the context of a claim of ineffective assistance of counsel is determined by an evaluation of whether "but for the arguably ineffective act or omission, there is a reasonable probability that the result would have been different." *Commonwealth v. Petras*, 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987). Had this testimony been properly excluded, the jury would still have had sufficient evidence to convict appellant of the various crimes charged. Again, we are persuaded by the jury's acquittal of appellant on the count of simple assault. The acquittal is inconsistent with appellant's belief that the jury was inflamed by the statement. We therefore do not find counsel to be ineffective for failure to object.

■ Appellant further raises the propriety of trial counsel's failure to object to the trial court's refusal to instruct the jury on the issue of whether the personal property involved was marital property. In particular, appellant proffers that he may have had an interest in the personal property of his wife (i.e., the engagement ring and the car) and therefore, the issue of ownership should have been addressed by the jury. Appellant was charged with theft by unlawful taking and robbery. Robbery is simply defined as a theft committed by force or threat of force. 18 Pa.C.S.A. § 3701. Theft is further defined in this context as follows:

A person is guilty of theft if he unlawfully takes, or exercises control over, movable *property of another* with intent to deprive him thereof.

*Id.* § 3921 (emphasis added). "Property of another" is defined as:

[P]roperty in which any person other than the actor has an interest which the actor is not privileged to infringe, *regardless* of the fact that the actor also has an interest in the property....

*Id.* § 3901 (emphasis added). The statutory language is clear that the issue of whether appellant may have an interest in this property is irrelevant. He may still be found liable for infringing on his wife's interest in this

property. *See* 1 Pa.C.S.A. § 1903(a) (words and phrases shall be construed ... according to their common and approved usage).

■ Finally, appellant argues that trial counsel was ineffective for failing to object to testimony by Detective Joseph Datesman. The detective testified that he found the victim's automobile on January 22, 1990 completely destroyed by fire. He further testified that there was no evidence that appellant destroyed the car. Appellant alleges that the evidence is irrelevant and diverts the attention of the jury away from the proper issues in the case. Even assuming *arguendo* that the evidence was improperly admitted and trial counsel had no reasonable basis not to object to the testimony, we find that appellant was not prejudiced by this testimony.

The effect of this testimony is to prove that appellant intended to deprive his wife of her car: a necessary element of theft. 18 Pa.C.S.A. § 3921(a). The jury would still have been within its right to convict appellant of theft of the automobile had this evidence not been admitted. Appellant testified that he left the car in Philadelphia unlocked with the keys in the car. Moreover, after the car was missing he never informed the police to recover the car, but merely returned to Harrisburg without mentioning the incident. This evidence alone demonstrates that appellant intended to deprive his wife of the car. Such is sufficient to convict appellant of theft. Finding that appellant's claims are unsupported by the record, we find that trial counsel was not ineffective.

Judgment of sentence affirmed.