619 A.2d 316

**COMMONWEALTH of Pennsylvania**

v.

**Daniel CUMMINGS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1992.

Filed Jan. 12, 1993.

Daniel Cummings, appellant, pro se.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, TAMILIA and HESTER, JJ.

HESTER, Judge:

Daniel Cummings appeals from the August 29, 1990 order denying him relief under the provisions of the Post–Conviction Relief Act. We conclude that the claim raised in appellant's second post-conviction petition may be entertained under the PCRA and under the standards announced in *Commonwealth*

*v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988). However, we affirm denial of PCRA relief.

On June 4, 1974, appellant was convicted by a jury of first-degree murder in connection with the shooting death of Alvin Singleton. The Supreme Court affirmed on direct appeal, *Commonwealth v. Cummings,* 466 Pa. 332, 334, 353 A.2d 381, 382 (1976), and described the murder as follows, "On August 23, 1972, appellant entered the residence of Alvin Singleton at 205 Kater Street, Philadelphia, and shot Singleton. The reason given by appellant [during his confession and at trial] for the shooting was the alleged rape of appellant's wife by the decedent and the decision of the police not to pursue the rape investigation."

On July 13, 1981, appellant filed a post-conviction relief petition, in which he alleged that trial counsel had been ineffective in various respects. PCHA relief was denied. On May 25, 1990, appellant filed a second petition for post-conviction relief, which was governed by the provisions of the PCRA. This petition was denied on August 29, 1990; appellant failed to file an appeal from denial of that decision. On July 8, 1992, appellant was granted the right to appeal *nunc pro tunc* from the August 29, 1990 order denying him PCRA relief. This appeal followed.

Appellant contends that in light of his confession to the murder, trial counsel rendered ineffective assistance when he failed to procure a psychiatric examination that may have established either that he was incompetent to stand trial or that he was innocent by reason of insanity.

This is appellant's second PCRA petition. Applying the Supreme Court's pronouncement in *Commonwealth v. Lawson,* 519 Pa. 504, 549 A.2d 107 (1988), we have addressed serial petitions under the PCRA in *Commonwealth v. Ryan,* 394 Pa.Super. 373, 376, 575 A.2d 949, 950–51 (1990), stating:

Initially, we note that since this is appellant's second petition for post-conviction relief, it "will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." *Commonwealth v. Lawson,* 519 Pa. 504, 513, 549 A.2d 107,

112 (1988); *see also Commonwealth v. Blackwell*, 384 Pa.Super. 251, 558 A.2d 107 (1989) (applying *Lawson* standard of review to second or subsequent petitions filed under the PCRA). This standard is met if the petitioner can demonstrate either that the proceedings resulting in his conviction were so unfair that a miscarriage of justice which no civilized society can tolerate occurred or that *he is innocent of the criminal charges.*

(Emphasis added).

■ Concurrent with our analysis pursuant to *Lawson*, we must address appellant's eligibility for relief under the provisions of the Post–Conviction Relief Act. 42 Pa.C.S. § 9543 controls appellant's eligibility for relief under the PCRA and lists four factors which must be met before such relief may be granted. One of those factors is that the allegation of error must not be waived 42 Pa.C.S. § 9543(a)(3)(i). An allegation of error is waived if it could have been raised during a previous post-conviction proceeding. 42 Pa.C.S. § 9544. Since appellant could have raised both these allegations in his prior PCHA petition, they are waived.

There are two exceptions to the waiver provision, 42 Pa.C.S. §§ 9543(a)(3)(ii) and (iii). Section 9543(a)(3)(iii) does not apply herein because this is appellant's second petition for post-conviction relief. *See Commonwealth v. Ryan, supra*, 394 Pa.Super. at 378, 575 A.2d at 951, wherein we stated:

In the present case, appellant could have raised all of the issues presented herein in his prior PCHA petition. Accordingly, the issues have been waived under section 9544. The waiver in this instance results from appellant's failure to raise the issues in his prior post-conviction proceedings. Since the waiver was not during pretrial, trial, post-trial or direct appeal proceedings, section 9543(a)(3)(iii) is not applicable. Accordingly, appellant has waived the issues presented herein unless 9543(a)(3)(ii) applies.

■ 42 Pa.C.S. § 9543(a)(3)(ii) provides that an allegation of error is not waived if "the alleged error has resulted in the conviction or affirmance of sentence of an innocent individual." Appellant's claim that trial counsel was ineffective for failing

to raise the defense that he was insane at the time of the shooting alleges, on its face, that appellant was innocent of the crime since he lacked the mens rea necessary for imposition of criminal culpability. Thus, appellant has overcome the bar of waiver pursuant to 42 Pa.C.S. § 9543(a)(3)(ii) and also facially has met the standards of *Lawson* so that we may entertain the merits of his claim. *Commonwealth v. Dukeman,* 413 Pa.Super. 397, 605 A.2d 418 (1992) (allegations that may establish innocence of defendant may be entertained under *Lawson* and overcome waiver under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(3)(ii)).

 We now address the merits of appellant's claim that trial counsel was ineffective for failing to assert an insanity defense.

Claims of ineffectiveness of counsel are subject to a three part analysis. First, it must be demonstrated that the underlying claim is of arguable merit. Next, it must be determined whether counsel's choice of action had some reasonable basis designed to effectuate his or her client's interests. Finally, a showing must be made of how counsel's choice of action prejudiced the client. *Commonwealth v. Tavares,* 382 Pa.Super. 317, 321, 555 A.2d 199, 201 (1989). . . . The law presumes that counsel was effective, so that the burden of establishing ineffectiveness rests squarely upon the defendant. *Commonwealth v. Smith,* 380 Pa.Super. 619, 552 A.2d 1053 (1989). Moreover, counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Cook,* 383 Pa.Super. 615, 557 A.2d 421 (1989).

*Commonwealth v. Mescall,* 405 Pa.Super. 326, 330, 592 A.2d 687, 689 (1991).

In the present case, it is apparent that counsel's strategy at trial was to seek either acquittal or a conviction on a lesser murder charge on the grounds of provocation. Appellant's confession supported such a defense in that he said that he shot the victim because the victim raped his wife. Thus, this strategy hardly could be deemed unreasonable. As there was an obvious, reasonable grounds for trial counsel's decision to

defend on the basis of provocation rather than insanity, appellant's claim of ineffectiveness fails. *See Commonwealth v. Savage,* 529 Pa. 108, 602 A.2d 309 (1992) (where strategy of trial counsel was reasonable designed to advance defendant's interest, the fact that the strategy was not successful does not mean it was unreasonable); *Commonwealth v. Mickens,* 409 Pa.Super. 266, 597 A.2d 1196 (1991) (in order for strategic decision to be grounds for successful ineffectiveness claim, decision must be so unreasonable that no competent lawyer would have chosen it); *see also Commonwealth v. Garcia,* 370 Pa.Super. 132, 535 A.2d 1186 (1988) (when counsel's strategy is to seek acquittal rather than conviction on lesser-included offense, he is not ineffective).

Order affirmed.