

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2006

# Sheedy v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1729

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sheedy v. Philadelphia" (2006). *2006 Decisions.* Paper 855.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/855

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 05-1729 & 05-1848

KAREN SHEEDY

v.

CITY OF PHILADELPHIA,
JOHN TIMONEY, SYLVESTER JOHNSON,
WILLIAM HOLMES and RICHARD P. GILLY

Richard P. Gilly,
Appellant at No. 05-1729

Karen Sheedy,
Appellant at No. 05-1848

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 03-cv-6394
(Honorable John P. Fullam)

Argued June 1, 2006

Before: SCIRICA, *Chief Judge*, McKEE and STAPLETON, *Circuit Judges*

(Filed : June 22, 2006)

THOMAS R. HURD, ESQUIRE (ARGUED)
Monteverde, McAlee & Hurd
One Penn Center at Suburban Station, Suite 1500
1617 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19103-1815
        Attorney for Appellant/Cross-Appellee,
        Richard P. Gilly

WILLIAM J. FOX, ESQUIRE (ARGUED)
1626 Pine Street
Philadelphia, Pennsylvania 19103
	Attorney for Appellee/Cross-Appellant,
	Karen Sheedy

JANE L. ISTVAN, ESQUIRE (ARGUED)
City of Philadelphia Law Department
One Parkway
1515 Arch Street, 17th Floor
Philadelphia, Pennsylvania 19102
	Attorney for Appellees,
	City of Philadelphia, John Timoney,
	Sylvester Johnson and William Holmes

_____

OPINION OF THE COURT
_____

PER CURIAM.

Richard Gilly appeals a jury verdict against him for malicious prosecution and for false imprisonment or arrest. Karen Sheedy, his ex-wife, cross appeals. We will vacate the judgment as to Gilly and remand with instructions to grant judgment as a matter of law in his favor because there was probable cause to arrest Sheedy for theft. We will affirm in all other respects.

I.

Sheedy, after her separation from Gilly but before their divorce, surreptitiously removed jointly owned personal property from the marital home she had vacated fifteen months prior. Gilly, who lived in the home (of which Sheedy was co-owner), was out of town at the time. Upon his return, Gilly discovered that Sheedy had changed the locks to

2

the entryways and that she had taken property, including jointly owned property. He then called the police. The investigating officer, Detective William Holmes, drafted and swore an affidavit of probable cause. Sheedy was arrested on charges of theft, burglary, criminal trespass, and receipt of stolen property, but the charges were eventually dismissed. Sheedy sued Detective Holmes, Gilly, the City of Philadelphia, and two police officials under 18 U.S.C. § 1983 and on state law grounds.

Gilly and Detective Holmes went to trial on malicious prosecution, false imprisonment, and § 1983 claims. Claims against Sheedy's other defendants were dismissed before trial. Gilly was found liable for false imprisonment or arrest and for malicious prosecution, and Detective Holmes was found liable for false imprisonment or arrest. Compensatory damages of $3,075 were assessed against both. The jury additionally assessed $500,000 in punitive damages against Gilly. After trial, the District Court denied Gilly's motion for judgment as a matter of law. In the same order, the District Court raised compensatory damages to $100,000, and reduced punitive damages to $200,000. The District Court also granted judgment as a matter of law in Detective Holmes' favor on qualified immunity grounds, vacating the judgment against him.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a District Court's denial or grant of a motion for judgment as a matter of law. *W.V. Realty, Inc. v. N. Ins. Co.*, 334 F.3d 306, 311 (3d Cir. 2003).

II.

3

To establish a false imprisonment or arrest claim, a detention must be unlawful, *see Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994), and to establish a malicious prosecution claim, there must be an absence of probable cause to arrest, *see Kelley v. Gen. Teamsters, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988). Accordingly, probable cause defeats a claim for malicious prosecution and for false imprisonment or arrest. *See Strickland v. Univ. of Scranton*, 700 A.2d 979, 984–85 (Pa. Super. 1997).

A spouse can be charged with theft of marital property in Pennsylvania. Theft occurs when a person "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa. Stat. Ann. § 3921(a). For purposes of theft, "property of another"

> [i]ncludes property in which any person other than the actor has an interest which the actor is not privileged to infringe, *regardless of the fact that the actor also has an interest in the property* and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband.

*Id.* § 3901 (emphasis added). The intentional taking of marital, jointly owned property from an estranged spouse who is in possession of such property supports a charge of theft because it unlawfully deprives the other joint owner of his or her property interest.[1]

---

[1] The District Court erred in its jury instructions on this point. (App. 551 ("[T]he only thing she could possibly be convicted of would be if you conclude that she knowingly and intentionally stole property that was the sole property of Mr. Gilly.").) This, and other errors, may have been avoided had the court held a charging conference and allowed counsel to make objections prior to instructing the jury in compliance with Fed. R. Civ. P. 51(b).

4

*Commonwealth v. Mescall*, 592 A.2d 687, 690–91 (Pa Super. 1991) ("The statutory language is clear that the issue of whether appellant may have an interest in this property is irrelevant. He may still be found liable for infringing on his wife's interest in this property.").

It is undisputed Sheedy intentionally took marital, jointly owned property. Therefore, as a matter of law, probable cause existed to arrest Sheedy for theft. Because there was probable cause for an arrest on charges of theft, we do not need to reach the question of whether there was probable cause for burglary, receipt of stolen property, or criminal trespass. Probable cause on any one of the several charges in this case makes the arrest and detention valid. *See, e.g.*, *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005). Judgment as a matter of law for Gilly is appropriate.

Because there was probable cause for the arrest, Detective Holmes was entitled to judgment as a matter of law on this issue. The District Court granted judgment as a matter of law on qualified immunity grounds, and this ruling is the target of Sheedy's cross-appeal. Were we to reach this issue, it follows that Detective Holmes would be entitled to qualified immunity because it was objectively reasonable for him to conclude there was probable cause to arrest Sheedy. *See Orsatti v. New Jersey State Police*, 71 F.3d 480, 483–84 (3d Cir. 1995). Judgment as a matter of law for Detective Holmes was appropriate.

III.

For the stated reasons, we will vacate the judgment as to Gilly and remand with instructions for the District Court to enter judgment as a matter of law in his favor. We will affirm the judgment in all other respects.[2]

---

[2]Though we do not need to reach the issue, the District Court erred in raising the amount of compensatory damages beyond the amount the jury found. *See, e.g.*, *Dimick v. Schiedt*, 293 U.S. 474, 486–87 (1935); *Maier v. Lucent Techs., Inc.*, 120 F.3d 730, 737 (7th Cir. 1997). We disagree with Sheedy that Fed. R. Civ. P. 50 allows such a modification to a jury award.

Additionally, the District Court erred in failing to reduce the punitive damages to a single-multiplier of the jury's compensatory award. *See State Farm Mut. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process.").