442 A.2d 817
**COMMONWEALTH of Pennsylvania,**
v.
**James SANDERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1980.
Filed March 12, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This appeal by the defendant-appellant, James Sanders, is from the judgment of sentence of the Court of Common Pleas of Philadelphia County, after conviction by a jury of recklessly endangering another person, simple and aggravated assault and possession of an instrument of crime. Post-trial motions were denied and he was sentenced to a term of five to ten (5 to 10) years imprisonment on the assault convictions; and two and one-half to five (2½ to 5) years imprisonment on the possessions charge. Sentence was suspended on the recklessly endangering charge.

The evidence produced at trial revealed that on February 22, 1978, the defendant entered a pharmacy in Philadelphia and purchased some cigarettes from Rhonda Morris, a cashier at the pharmacy counter, by handing her a dollar. Morris and the defendant knew each other having spoken with each other in the neighborhood on many occasions and having conversed by phone at least a dozen times. After

giving the defendant his cigarettes and his change Morris turned away from him. The defendant then demanded more change and all the money from the cash register. Morris thought that the defendant was joking. As she turned around he shot her in the chest, fired several shots toward the back of the pharmacy, and then fled.

At the Germantown Hospital, where Ms. Morris was taken after the shooting, she told police that she knew the perpetrator of the crime and that his nickname was "T-Bird". On November 13, 1978, Officer Louis Kober of the Philadelphia Police Department, who knew the defendant as "T-Bird", found the defendant and arrested him in a bar.

At trial, Ms. Morris, the pharmacist at the store, and a customer all identified the defendant as the perpetrator of the crime. The area where the incident took place was well-lit and each witness had an unobstructed view of the defendant. The customer also knew the defendant as "T-Bird".

■ The defendant raises one issue on appeal. He claims that Officer Kober's testimony, to the effect that he knew the defendant as "T-Bird", knew him personally, and knew of places, such as bars, which the defendant frequented, created an impermissible inference in the minds of the jurors that the defendant had been involved in prior criminal activity. The defendant claims that he is entitled to a new trial because of the alleged impermissible inference. We do not agree. Officer Kober merely stated that he knew the defendant and knew that he frequented a bar known as the "Wagon Wheel", one known as "Uncle Bill's Bar", and another bar located in the 6600 block of Germantown Avenue. This did not raise an inference that the defendant had been involved in prior criminal activity.

■ Of course, evidence of prior criminal activity, except in certain well-defined situations, cannot be admitted as evidence in order to convict an accused. *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972). Nor can indirect testimony from which a jury could reasonably infer that a defendant had been involved in prior criminal activity be

admitted into evidence in order to convict an accused and if such is done the accused is entitled to a new trial. *Commonwealth v. Turner*, 454 Pa. 439, 311 A.2d 899 (1973). In the instant case we hold that the jury could not reasonably infer that the defendant had engaged in prior criminal activity from the testimony of Officer Kober. Unlike the situations cited by the defendant there was no reference to "mug shots", "police files", or "police photographs" in the instant case. Furthermore, nothing in the Officer's testimony suggested that the way he knew the defendant was as a result of a prior arrest or conviction. Merely because a police officer knows someone or knows where they may be found does not suggest that the person has been engaged in prior criminal activity. A policeman may know someone because they reside in the same neighborhood or for any other number of reasons. We refuse to hold that a policeman's statement to the effect that he knew someone, knew his nickname, or was familiar with the person's whereabouts raises an inference of prior criminal activity. Any such holding would defy all logic and good sense. Not everything a policeman says about a person constitutes an inference of prior criminal activity on the part of that person. See *Commonwealth v. Griffin*, 236 Pa.Superior Ct. 344, 344 A.2d 517 (1975).

Judgment of sentence affirmed.