552 A.2d 1053

**COMMONWEALTH of Pennsylvania**

v.

**Garnet SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted May 16, 1988.

Filed Dec. 8, 1988.

Reargument Denied Feb. 2, 1989.

Mitchell S. Strutin, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, MONTGOMERY and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for murder in the first degree and possession of an instrument of crime. Appellant contends that the trial court erred in refusing to permit trial counsel to file supplemental reasons in support of post-trial motions. In addition, appellant raises nine claims of ineffective assistance of trial counsel. For the reasons that follow, we affirm the judgment of sentence.[1]

On January 20, 1985, appellant was arrested and charged in connection with the November 20, 1980 shooting death of Rodney Smith. On December 3, 1986, following a jury trial, appellant was found guilty of murder in the first degree and possession of an instrument of crime. Post-verdict motions were filed and denied. On July 27, 1987, appellant was sentenced to a life term of imprisonment on the murder charge, to be followed by a consecutive term of two-and-one-half-to-five-years for possession of an instrument of crime. This appeal followed, and new counsel was appointed to prosecute the appeal.

## I. ALLEGED TRIAL COURT ERROR

Appellant first contends that the trial court erred in refusing to permit trial counsel to file supplemental reasons in support of post-trial motions. The facts related to this claim are as follows. On December 11, 1986, appellant filed timely post-trial motions in which he raised challenges to the sufficiency and weight of the evidence,[2] and reserved the right to file supplemental motions. Thereafter, at the July 27, 1987 hearing on post-trial motions, appellant at-

1. We note that appellant's brief is eighty pages long. Although we have reviewed the entire brief and carefully considered each argument, appellant's counsel is cautioned that the brief exceeds the allowable limit by ten pages. *See* Pa.R.A.P. 2135(1). We also note that appellant's Statement of Questions Involved is forty-four lines long, which is well in excess of the recommended fifteen line limit contained in Pa.R.A.P. 2116(a).

2. Because these timely claims were stated in "boilerplate" fashion, the trial court properly held that they were insufficient to preserve any

tempted to file supplemental motions. These motions were contained in a 53 page document, and included some 130 specifications of error. The trial court refused to accept the supplemental motions, noting in its opinion that "Defendant had not requested leave to hand up 130 supplemental reasons for post verdict relief, he had merely inserted a line in the original post trial motions hoping to alert the Court to his desire to argue further reasons for relief." Trial Court Opinion at 4.

We note that "a defendant may be granted leave to file additional reasons for a new trial or in arrest of judgment but this is a matter of discretion with the trial court." *Commonwealth v. Pyett,* 372 Pa.Super. 291, 294, 539 A.2d 444, 445 (1988) (citing *Commonwealth v. Talley,* 456 Pa. 574, 318 A.2d 922 (1974)). We need not determine whether the trial court abused its discretion in refusing to accept the supplemental motions, because we are satisfied that appellant was not prejudiced by the ruling. Appellant is presently represented by counsel other than trial counsel, and thus "the issue of trial counsel's effectiveness may now be raised in this direct appeal." *Commonwealth v. Holmes,* 482 Pa. 97, 105 n. 3, 393 A.2d 397, 401 n. 3 (1978). In fact, appellant has raised numerous instances of trial error, and has alleged that trial counsel was ineffective for failing to preserve these issues in post-trial motions.[3] Because the claims related to trial error are cognizable on this direct appeal, *see id.,* appellant was not prejudiced by the trial court's ruling on his supplemental motions.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

■ Appellant next raises nine claims of ineffective assistance of counsel. The determination whether counsel

issue for appellate review. *See Commonwealth v. Holmes,* 315 Pa.Super. 256, 259, 461 A.2d 1268, 1274 (1983) (en banc).

3. Appellate counsel candidly notes that "[s]ince the trial court refused to consider the defendant's supplemental reasons in support of post-trial motions and concluded that all issues had been waived, the issues in this brief are raised by way of an allegation of ineffective assistance of trial counsel." Brief for Appellant at 22.

rendered ineffective assistance is arrived at through a two-prong test. First, we must ascertain whether the issue underlying the claim of ineffectiveness has arguable merit. *Commonwealth v. Buehl,* 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). This requirement is based upon the principle that we will not find counsel ineffective for failing to pursue a frivolous claim or strategy. *Commonwealth v. Parker,* 503 Pa. 336, 341, 469 A.2d 582, 584 (1983). Second, if appellant's claim does have arguable merit, we must determine whether "the course chosen by counsel had some reasonable basis designed to serve the interests of his [or her] client." *Commonwealth v. Buehl, supra* (citations omitted).

If our review of the record reveals that counsel was ineffective, we then must determine whether appellant has demonstrated that counsel's ineffectiveness worked to his or her prejudice. *Commonwealth v. Pierce,* 515 Pa. 153, 159, 527 A.2d 973, 976 (1987). To determine whether appellant was prejudiced, our Supreme Court adopted the test announced by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Commonwealth v. Pierce, supra.* Under *Strickland,* to prove that counsel's ineffectiveness resulted in prejudice, an appellant must show that the error was "so serious as to deprive [him or her] of a fair trial, a trial whose result was reliable." *Strickland v. Washington, supra* at 686, 104 S.Ct. at 2063.

■ In this analysis, counsel is presumed to be effective, *Commonwealth v. Norris,* 305 Pa.Super. 206, 210, 451 A.2d 494, 496 (1982), and appellant bears the burden of establishing that trial counsel was ineffective. *Commonwealth v. Jones,* 298 Pa.Super. 199, 205, 444 A.2d 729, 732 (1982). Moreover, in *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332 (1981) our Supreme Court noted that,

Assertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can con-

clude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract.

*Id.*, 492 Pa. at 563, 424 A.2d at 1335.

## A.

Appellant first argues that trial counsel was ineffective for failing to preserve a claim related to the admission of a Commonwealth witness's pretrial hearing testimony and the contents of a prior statement that the witness had given to police. The facts related to this claim are as follows. On March 14, 1984, Robert Smithson gave a statement to police Detective Kenneth Curcio, in which he identified appellant as the person who shot the victim, Rodney Smith. *See* N.T. November 19, 1986 at 6–8. Later, at a pretrial hearing, Smithson recanted this statement, asserted that appellant "was an innocent man", and implicated himself as the killer. *See* N.T. January 30, 1986 at 12–13. At trial, the Commonwealth attempted to call Smithson as a witness. *See* N.T. November 17, 1986 at 156. Smithson, however, testified *in camera* that if called he would invoke his fifth amendment privilege against self-incrimination. *Id.* at 164–66. After the trial court instructed the jury that Smithson was unavailable, the Commonwealth introduced Smithson's sworn testimony from the pretrial hearing, in which Smithson had recanted his original statement to police and implicated himself in the killing. *See* N.T. November 18, 1986 at 134–40. To impeach this testimony, the Commonwealth then introduced, through Detective Curcio, Smithson's March 14, 1984 statement to police, in which he identified appellant as the gunman. *See* N.T. November 19, 1986 at 6–8. Appellant argues that both the pretrial hearing testimony and the statement to police were inadmissible, and that trial counsel was ineffective for failing to preserve a claim related to the admission of this evidence.

■ With regard to the admissibility of Smithson's sworn pretrial hearing testimony, it is settled that an unavailable witness's testimony from a prior judicial proceeding is ad-

missible at trial, "provided the defendant had counsel and a full opportunity to cross-examine the witness during the earlier proceeding." *Commonwealth v. Sandutch*, 498 Pa. 536, 540, 449 A.2d 566, 567 (1982) (plurality opinion), *reargument denied; Commonwealth v. Scarborough*, 491 Pa. 300, 317, 421 A.2d 147, 155 (1980); *Commonwealth v. Bellachio*, 296 Pa.Super. 468, 474, 442 A.2d 1147, 1149–50 (1982), *allocatur denied.* Moreover, " '[a] witness who invokes the privilege against self-incrimination is "unavailable" for purposes of the hearsay exception permitting the introduction of the notes of his testimony from a prior judicial proceeding.' " *Commonwealth v. Sandutch, supra* (quoting *Commonwealth v. Rodgers*, 472 Pa. 435, 453, 372 A.2d 771, 779 (1977) (plurality opinion)).

At the pretrial hearing in the instant case, appellant was present, represented by counsel, and was given and exercised the opportunity to cross-examine Robert Smithson. N.T. January 30, 1986 at 18–19. At trial, Smithson rendered himself unavailable by invoking his privilege against self-incrimination. Because Smithson was unavailable as a witness, and because appellant had a full opportunity to cross-examine Smithson at the pretrial hearing, the trial court did not err in allowing the Commonwealth to introduce Smithson's testimony from the pretrial proceeding. *Commonwealth v. Sandutch, supra; Commonwealth v. Bellachio, supra.* Accordingly, appellant's claim that counsel was ineffective for failing to preserve a claim based upon the introduction of this evidence lacks arguable merit.

■ With regard to the admissibility of Smithson's prior statement to police, appellant argues that the "mere fact that the witness was declared unavailable and the Commonwealth was permitted to introduce his testimony from the pretrial proceeding, does not provide a basis upon which the content of the witness's statement could be introduced." Brief for Appellant at 33. We disagree. Prior recorded testimony, like any other testimony, is subject to impeachment through introduction of prior inconsistencies. *See Commonwealth v. Davis*, 363 Pa.Super. 562, 582–83, 526 A.2d 1205, 1215–16 (1987). Thus, in *Davis*, we rejected a

hearsay challenge to the admission of an unavailable witness's prior statement to a police officer, noting that "[a] trial court does not abuse its discretion in allowing the prosecution to attempt to impeach a witness's [recorded] testimony by utilizing a statement given by the witness to a police officer at the scene of the crime. *Cf. Commonwealth v. Thomas*, 284 Pa.Super. 375, 425 A.2d 1151 (1981)." 363 Pa.Super. at 583, 526 A.2d at 1216.

Here, the Commonwealth introduced Smithson's inconsistent statement for the limited purpose of impeaching his testimony from the pretrial hearing. Moreover, the trial court specifically instructed the jury that,

> This evidence may be considered by you for one purpose only, that is to help you judge the credibility or believability and weight of the direct testimony of Robert Mathis, also known as Robert Smithson in this trial. You may not regard the prior inconsistent statement as proof of the matter asserted in the statement.

N.T. December 2, 1986 at 20. In light of *Davis*, we hold that the trial court did not abuse its discretion in allowing the prosecution to attempt to impeach Smithson's recorded testimony with his prior inconsistent statement. Accordingly, appellant's claim that counsel was ineffective for failing to preserve a challenge to the admissibility of Smithson's prior statement lacks arguable merit.[4]

### B.

Appellant next claims that the trial court erred in allowing the Commonwealth to refer to trial counsel's prior

---

**4.** Appellant also seems to argue that Smithson's prior statement was inadmissible because the Commonwealth should not be permitted to impeach its own witness. A party may cross-examine its own witness when "'the interest of truth and justice so require.'" *Commonwealth v. Dancer*, 452 Pa. 221, 225–26, 305 A.2d 364, 366 (1973) (quoting *Commonwealth v. Knudsen*, 443 Pa. 412, 278 A.2d 881 (1971)). Moreover, the determination whether to allow a party to impeach its own witness rests in the discretion of the trial court. *See Commonwealth v. Brady*, 510 Pa. 123, 134, 507 A.2d 66, 72 (1986); *Commonwealth v. Dancer, supra* 452 Pa. at 225, 305 A.2d at 366 (1973). Here, appellant makes no argument regarding why the court's decision to allow the Commonwealth to impeach its own witness was an abuse of discretion.

representation of Commonwealth witness Robert Smithson, and that counsel was ineffective for failing to preserve this claim. Appellant maintains that, by making reference to counsel's prior representation of Smithson, the Commonwealth "clearly and unequivocally" accused trial counsel of wrongdoing and suggested that trial counsel was responsible for Smithson's recantation of his initial statement in which he had implicated appellant. *See* Brief for Appellant at 42. We disagree.

■ The references that are the subject of appellant's contention were contained in the Commonwealth's pre-trial examination of Smithson, a transcript of which was read into evidence at appellant's trial, *see* N.T. November 18, 1986 at 135–38, and the Commonwealth's closing argument at appellant's trial. *See* N.T. December 1, 1986 at 75–81. We have reviewed these statements in their entirety. The thrust of the Commonwealth's argument was that Smithson might have had a motive to recant his statement implicating appellant because appellant's trial counsel had represented Smithson in an unrelated criminal case, and Smithson might want to call counsel as a witness if he filed a Post Conviction Hearing Act petition. Thus, in her summation to the jury, the trial prosecutor argued that:

Persons charged with crimes are able to go back to the trial Court and say to the trial Court, well, the case that was presented may have been correct, but my attorney didn't do a good job. My attorney was ineffective. My attorney failed to present a certain witness, failed to ask a certain question, failed to present a different defense. And when defendants make these allegations under the Post Conviction Hearing Act, they're required to prove their allegations. And how do you prove an allegation that your attorney who represented you at trial, didn't do a proper job? Well, they call those trial attorneys to act as witnesses on their own behalf.

[Robert Smithson] has the opportunity to present such Post Conviction Hearing Act [petition?], and quite obviously any attorney has to be his trial attorney, a person

who he would want to present evidence and didn't do a good job would be [appellant's counsel]. Does he have any reason then for doing something, [appellant's counsel] asks him about. Are you going to testify? Just ask yourself that question....

N.T. December 1, 1986 at 80–81. We emphasize that the prosecutor confined herself to an analysis of *Smithson's* possible motive for recanting his original statement. Importantly, we find no support for appellant's allegation that the prosecutor "clearly and unequivocally" accused trial counsel of wrongdoing in connection with Smithson's recantation. Moreover, we note that the Commonwealth was entitled to show that Smithson had a motive for recanting his original statement and fabricating testimony in favor of appellant. *See Commonwealth v. Robinson,* 507 Pa. 522, 526, 491 A.2d 107, 109 (1985). Because appellant's claim that the Commonwealth accused his counsel of wrongdoing is unsupported by the record, he has failed to show that the court erred in allowing the Commonwealth to refer to counsel's prior representation of Smithson. Accordingly, we must conclude that his claim that counsel was ineffective for failing to preserve this issue for review lacks arguable merit.

## C.

■ Appellant next contends that trial counsel was ineffective for continuing in his representation of appellant despite "the appearance of a conflict of interest." Brief for Appellant at 44–45. More specifically, appellant alleges that counsel could not effectively represent him because counsel had once represented Commonwealth witness Robert Smithson. This claim is meritless. Counsel may be held to have been ineffective in representing a defendant if the defendant "demonstrates that 'an *actual* conflict of interest adversely affected his lawyer's performance.'" *In re Saladin,* 359 Pa.Super. 326, 331, 518 A.2d 1258, 1261 (1986) (emphasis supplied) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980)).

Moreover, in *Commonwealth v. Buehl*, 510 Pa. 363, 508 A.2d 1167 (1986), our Supreme Court noted that,

[w]hile it is true that prejudice is presumed when counsel is burdened by an actual conflict of interest, this is so only if the defendant demonstrates that counsel *"actively represented conflicting interests"* and "that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350, 348, 100 S.Ct. 1708, 1719, 1718, 64 L.Ed.2d 333 (1980).

510 Pa. at 379, 508 A.2d at 1175 (emphasis supplied). In *Saladin*, we defined an "actual conflict of interest" as follows: "such a conflict is evidenced whenever during the course of representation, the interests of appellant—and the interests of another client towards whom counsel bears obligations—diverge with respect to a material factual or legal issue or to a course of action." 359 Pa.Super. at 332, 518 A.2d at 1261.

Here, at the time of appellant's trial, counsel was no longer representing Robert Smithson. Indeed, counsel withdrew from his representation of Smithson in May, 1985, a year and a half before appellant's trial. N.T. January 30, 1986 at 17, 24; N.T. December 1, 1986 at 75–76. Moreover, at trial, Smithson invoked his privilege against self-incrimination and refused to testify. Because the record clearly demonstrates that counsel was not actively representing conflicting interests, *see Commonwealth v. Buehl, supra; In re Saladin, supra,* appellant's claim that counsel was ineffective in continuing in his representation of appellant lacks arguable merit.

### D.

■ Appellant next contends that the trial court erred in refusing to allow him to cross-examine Commonwealth witness Jeffrey Harrison regarding Harrison's testimony in an unrelated homicide trial, and that trial counsel was ineffective for failing to preserve this claim for review. Appellant summarizes the facts related to this claim as follows:

In 1980, Harrison had given a statement to the police concerning the shooting of Luther Sherfield. During that

statement he denied having any information concerning the shooting.... In 1984, however, he gave a second statement concerning the Sherfield shooting and stated that he had been an eyewitness to the shooting.... Despite this, the trial court refused to permit trial counsel to cross-examine Harrison concerning these statements....

Brief for Appellant at 48. Appellant maintains that the trial court's ruling precluded him from inquiring into Harrison's possible motive for testifying, and thus deprived him of his right to confrontation. We disagree. "A defendant's right of confrontation includes the right to cross-examine witnesses about possible motives to testify." *Commonwealth v. Dawson,* 486 Pa. 321, 323, 405 A.2d 1230, 1231 (1979). Moreover, "[a] party against whom a witness is called has the right to show that the witness has an interest, direct or collateral, to the result of the trial." *Commonwealth v. Shands,* 338 Pa.Super. 296, 303, 487 A.2d 973, 977 (1985).

Here, appellant does not in any way specify how Harrison's inconsistent statements in the *prior* case suggest that he had a motive to testify in a manner favorable to the Commonwealth in *this* case.[5] Because appellant has not made an offer to prove why the prior testimony is relevant to establishing a motive to testify, we cannot conclude that trial counsel was ineffective for failing to preserve a claim based on the court's ruling the prior testimony inadmissible. *See Commonwealth v. Pettus,* 492 Pa. at 563, 424 A.2d at 1335 (courts may not consider claims of ineffective assistance of counsel in abstract).

Moreover, we note that in fact Harrison did not testify in a manner *favorable* to the Commonwealth. Instead, he recanted a prior statement that he had made to police, in which he had implicated appellant, and stated that appellant was not the person who shot the victim. *See* N.T. Novem-

---

5. Moreover, we note that, because appellant recognizes that the two cases are "unrelated", he apparently concedes that the prior testimony is irrelevant to the case at bar.

ber 19, 1986 at 137–53; N.T. November 20, 1986 at 14–15. Thus, appellant's claim that the trial court erred in refusing to allow him to use appellant's prior testimony in the unrelated case to establish a present motive to testify in favor of the Commonwealth is meritless on its face.

*E.*

■ Appellant next contends that the trial court erred in allowing various police officers to refer to their prior contacts with him, and that trial counsel was ineffective for failing to preserve this claim for review. Appellant contends that this testimony was inadmissible because the references raised an inference that he had committed other crimes. We disagree.

It is settled that reference to prior criminal activity by the accused, either expressly or by reasonable implication, is impermissible.[6] *Commonwealth v. Percell,* 499 Pa. 589, 592, 454 A.2d 542, 544 (1982). *See also Commonwealth v. Povish,* 479 Pa. 179, 387 A.2d 1282 (1978). This Court has recognized, however, that "[n]ot everything a policeman says about a person constitutes an inference of prior criminal activity on the part of that person." *Commonwealth v. Sanders,* 296 Pa.Super. 376, 379, 442 A.2d 817, 818 (1982). As we noted in *Sanders:*

Merely because a police officer knows someone or knows where [he] may be found does not suggest that the person has been engaged in prior criminal activity. A policeman may know someone because they reside in the same neighborhood or for any number of reasons. We refuse to hold that a policeman's statement to the effect that he knew someone, knew his nickname, or was familiar with the person's whereabouts raises an inference of prior criminal activity.

*Id.*

Here, the Commonwealth presented the testimony of four different police officers, each of whom had worked in the

6. There are limited exceptions to this general rule, none of which are relevant here. *See, e.g., Commonwealth v. Green,* 351 Pa.Super. 170, 176, 505 A.2d 321, 324 (1986).

Germantown section of Philadelphia for a number of years. The officers testified that they knew appellant from their prior contacts with him in Germantown, and that they knew him by the name "Fareed." N.T. November 24, 1986 at 6 (Detective Troutner); *id.* at 111 (Detective Gerard); *id.* at 128–29 (Officer Kober); *id.* at 132–33 (Detective Judge). The Commonwealth introduced this evidence because a Commonwealth witness, Jeffrey Harrison, had given a statement to police in which he identified the person who committed the killing as "Fareed." N.T. November 19, 1986 at 137–38. Because the officers testified only that they knew appellant and knew his nickname, appellant's claim that this testimony impermissibly raised an inference of prior criminal activity is meritless.[7] *See Commonwealth v. Sanders, supra. See also Commonwealth v. Starks,* 484 Pa. 399, 408–09, 399 A.2d 353, 357 (1979) (plurality opinion) (police detective's testimony that he knew defendant's nickname because of prior contacts with defendant did not "expressly or by reasonable implication convey the impression of prior criminal activity so as to require a mistrial."); *Commonwealth v. Riggins,* 478 Pa. 222, 230–31, 386 A.2d 520, 524 (1978) (police detective's testimony that he knew where defendant lived "cannot be said to have given the jury the impression that appellant must have been involved in prior criminal activity."). Accordingly, we cannot hold that trial counsel was ineffective for failing to preserve a claim relating to the admissibility of this testimony.

### *F.*

██ Appellant next contends that the trial court erred in allowing witnesses to "make reference to [appellant's] photograph". Brief for Appellant at 62. Appellant maintains

---

7. Appellant also objects to the testimony of Detective Cohen, who stated that he had notified police in Germantown that an arrest warrant had been issued charging appellant with murder in this case. Appellant does not state why this testimony is inadmissible. Because the testimony referred only to the warrant issued in the instant case, however, we cannot hold that it was an impermissible reference to *prior* criminal activity.

that these references raised an impermissible inference of prior criminal activity, and thus trial counsel was ineffective for failing to preserve this issue for review. "[P]hotographic evidence should not give rise to an inference of prior criminal activity." *Commonwealth v. Brown*, 511 Pa. 155, 160, 512 A.2d 596, 598 (1986) (plurality opinion) (citing *Commonwealth v. Allen*, 448 Pa. 177, 181, 292 A.2d 373, 375 (1972)). After reference has been made to the photograph, "the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity." *Commonwealth v. Allen, supra.* In this analysis, our Supreme Court has held that references to photographic identifications of the defendant are permissible if there is no indication that the photographs are "mugshots" or that they came from police files. *Commonwealth v. Reiss*, 503 Pa. 45, 50, 468 A.2d 451, 453 (1983). In addition, the Supreme Court has noted that, even when there is evidence that the photograph is from police files, "the possession by the police of one's photo does not ineluctably prove a previous *conviction.* At the most it proves only that the police had a photo of the defendant on file." *Commonwealth v. Brown, supra* 511 Pa. at 161, 512 A.2d at 599.

In the case at bar, three separate references were made to photographs of appellant. First, a police detective stated that he gave appellant's photograph to another officer, N.T. November 25, 1986 at 9; a second detective stated that he showed a Commonwealth witness a photographic array that contained appellant's photograph, N.T. November 18, 1986 at 144; and, finally, a witness stated that he identified appellant after being shown his photograph. N.T. November 19, 1986 at 163. A review of the record reveals, however, that no witness referred to the photographs as "mugshots", and there was no indication that the photographs came from police files. Thus, we cannot conclude that the references to photographs of appellant improperly suggested that appellant had a prior criminal record. *See Commonwealth v. Brown, supra; Commonwealth v. Reiss, supra.* Because the witnesses's references to appel-

lant's photograph were not improper, appellant's claim that counsel was ineffective for failing to preserve this issue for review lacks arguable merit.

## G.

■ Appellant next contends that the trial court erred in ruling that a defense witness could be impeached with his twelve-year old robbery conviction, and that trial counsel was ineffective for failing to preserve this claim for review by raising it in post-verdict motions. Appellant maintains that evidence regarding the robbery conviction was inadmissible because the conviction was more than ten years old. We note that in *Commonwealth v. Randall*, 515 Pa. 410, 528 A.2d 1326 (1987) our Supreme Court modified the rule governing the admissibility of prior convictions for impeachment purposes. The specific issue presented in *Randall* concerned the use of prior convictions to impeach a criminal *defendant* who testified on his own behalf. *Id.*, 515 Pa. at 412, 528 A.2d at 1327. The *Randall* court nevertheless fashioned a broad rule, holding that,

evidence of prior convictions can be introduced for the purpose of impeaching the credibility of a *witness* if the conviction was for an offense involving dishonesty or false statement, and the date of conviction or the last day of confinement is within ten years of the trial date. If a period greater than ten years has expired the presiding judge must determine whether the value of the evidence substantially outweighs its prejudicial effect.

*Id.*, 515 Pa. at 415, 528 A.2d at 1329 (emphasis supplied).[8]

The robbery conviction at issue in the instant case occurred more than ten years before the trial date. Thus, the broad language in *Randall* would appear to support appellant's claim that the trial court erred in ruling that the defense witness could be impeached with this conviction. Nevertheless, we still cannot conclude that trial counsel was

---

**8.** A panel of this Court has noted that, in light of *Randall*, "the same rules apply for impeaching a witness as for impeaching a defendant." *Commonwealth v. Williams*, 371 Pa.Super. 509, 513, 538 A.2d 557, 559 (1988).

ineffective for failing to preserve an objection to this ruling. Before *Randall* was decided, the rule in this Commonwealth was that a witness other than the defendant could be impeached with a prior conviction as long as the prior conviction was for a crime involving dishonesty or false statement. "When the Commonwealth seeks to use a prior conviction to impeach the testimony of a defense witness other than the defendant himself, ... the only relevant inquiry is whether the convictions were for crimes involving dishonesty or false statement." *Commonwealth v. Gordon*, 355 Pa.Super. 25, 27, 512 A.2d 1191, 1192 (1986). *See also Commonwealth v. Pilosky*, 239 Pa.Super. 233, 240, 362 A.2d 253, 257 (1976). Thus, in *Gordon*, for example, we held that a defense witness's two twelve-year old burglary convictions were properly admitted to impeach his testimony. 355 Pa.Super. at 27, 512 A.2d at 1192.

Here, appellant was found guilty on December 3, 1986. Post-verdict motions were filed on December 11, 1986, approximately seven months before *Randall* was decided. Thus, if counsel had raised a claim related to the admission of the witness's prior conviction, that claim would have been evaluated under *Commonwealth v. Gordon, supra.* Under *Gordon*, such a claim would clearly have been meritless because the prior conviction at issue was for robbery, which traditionally has been viewed as a crime involving an element of dishonesty. *See Commonwealth v. Roots*, 482 Pa. 33, 38–39 n. 3, 393 A.2d 364, 367 n. 3 (1978). *See also Commonwealth v. Penn*, 497 Pa. 232, 244, 439 A.2d 1154, 1160 (1981). We cannot hold that counsel was ineffective for failing to raise a claim which, at the time, would have clearly been meritless, or for failing to foresee the change that *Randall* made in the law. *See Commonwealth v. Franklin*, 306 Pa.Super. 382, 389, 452 A.2d 777, 780 (1982), *allocatur denied* ("Counsel cannot be found ineffective for not acting in conformity with unforeseen law ... or for not pursuing meritless claims."). *See also Commonwealth v. Ray*, 483 Pa. 377, 396 A.2d 1218 (1979). Accordingly, appellant is not entitled to relief on this ground.

### H.

■ Appellant next contends that trial counsel was ineffective for failing to preserve a claim related to the trial court's alleged error in allowing various police officers to testify with regard to their efforts to locate and arrest appellant. Appellant maintains that this evidence "had the effect of raising an inference that [appellant] fled the jurisdiction to avoid apprehension", and thus is inadmissible. Brief for Appellant at 72. We disagree.

The law in this Commonwealth as to the significance of the evidence of flight is clear.

"The rule of law on this situation is 'When a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis in connection with other proof from which guilt may be inferred.' *Commonwealth v. Coyle*, 415 Pa. 379, 393, 203 A.2d 782, 789 (1964)."

*Commonwealth v. Tinsley*, 465 Pa. 329, 333, 350 A.2d 791, 792–93 (1976) (quoting *Commonwealth v. Osborne*, 433 Pa. 297, 302–03, 249 A.2d 330, 333 (1969)). Moreover, the Commonwealth may use circumstantial evidence to show that appellant was aware that he was being sought by police. Thus, in *Tinsley*, our Supreme Court noted that:

Although no direct evidence was presented to establish appellant's actual knowledge that he was being sought by the police for this crime, there was unquestionably circumstantial proof of this fact.... Immediately after the incident and for a period of five days thereafter, he abandoned his normal pattern of living and could not be located at those places where his regular pursuits would place him. Contacts at his residence, place of employment and the home of his brother, were to no avail. Without any explanation whatsoever for this absence, we believe these circumstances raise a permissible inference that appellant was aware that he was being sought by the police and attempted to conceal his whereabouts to avoid apprehension for this crime.

465 Pa. at 333, 350 A.2d at 793. *See also Commonwealth v. Whack,* 482 Pa. 137, 143, 393 A.2d 417, 420 (1978) (where "detective testified that he was unsuccessful in locating appellant at his home or the usual places he frequented.... there was sufficient basis for a permissible inference that appellant was aware that he was being sought by the police ... and that he deliberately attempted to conceal his whereabouts to avoid prosecution.").

Here, an arrest warrant was issued for appellant on October 29, 1984. Appellant, however, was not arrested until January 28, 1985. To explain the delay in arresting appellant, the Commonwealth introduced testimony from several police officers regarding their efforts to locate appellant. The officers testified that, despite repeated efforts, they were unable to locate appellant at several places he was known to frequent in his neighborhood. *See, e.g.,* N.T. November 24, 1986 at 141–42 (Detective Lubiegewski); N.T. November 25, 1986 at 9–10, 29–40 (Detective Cohen). The officers' attempt to locate appellant included searches for him in the neighborhood and at the places he was known to frequent, and surveillance of certain residences. In light of *Tinsley* and *Whack,* we conclude that the testimony of the officers provided a sufficient basis for an inference that appellant was aware that he was wanted by police, and that he attempted to conceal his whereabouts to avoid prosecution. We therefore hold that the trial court did not err in allowing the officers to testify with regard to their efforts to locate appellant, and thus appellant's claim that trial counsel was ineffective for failing to preserve this issue for review is meritless.[9]

## I.

 Appellant last contends that "the trial court acted improperly so as to deprive [appellant] a fair trial", and that

9. We note that the trial court did not instruct the jury that it could infer consciousness of guilt from appellant's apparent flight. Thus, even if appellant's claim possessed arguable merit, it would be difficult for appellant to show that he was prejudiced by the introduction of this evidence.

trial counsel was ineffective for failing to preserve this issue for review. Brief for Appellant at 74. In support of this argument, appellant cites to numerous instances in which he claims that the trial court displayed bias against him. *Id.* at 74–75. In *Nemeth v. Nemeth,* 306 Pa.Super. 47, 451 A.2d 1384 (1982), we noted that a claim that a trial judge was partial, biased, and prejudiced against a party's case "is one of the most serious charges that can be leveled at a judge. The record must clearly show prejudice, bias, capricious disbelief or prejudgment. . . ." *Id.,* 306 Pa.Superior Ct. at 54, 451 A.2d at 1388. *See also Commonwealth v. Darush,* 501 Pa. 15, 21, 459 A.2d 727, 731 (1983) (party who asserts that trial judge must be disqualified bears burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal; decision by judge against whom plea of prejudice is made will not be disturbed except for abuse of discretion).

Here, appellant cites to some fifty-four instances of alleged court misconduct during his trial.[10] Appellant, however, does not state *why* the court's conduct in any of the cited instances was improper, or how the court's conduct prejudiced him.[11] Because appellant has failed to make an offer to prove why the court's actions were prejudicial,

**10.** More specifically, appellant alleges that the trial court "admonish[ed] and berat[ed]" defense counsel (fourteen instances), unnecessarily involved itself in the trial (eleven instances), commented on trial counsel's questions (six instances), mishandled requests for sidebar conferences (three instances), and permitted the prosecutor to make speeches in front of the jury (twenty instances). Brief for Appellant at 74–75.

**11.** Appellant offers only one *specific* example of the trial court's alleged bias against him. Appellant argues that,

[t]he trial court's actions in this matter displayed its extreme bias toward the defendant and trial counsel culminating in the holding of trial counsel in contempt of court *before the jury* on two separate occasions for conduct directed toward defending his client. . . . As a result, the jury had to have been unduly swayed by the trial court's attitude toward [appellant] and trial counsel. Under such an atmosphere, [appellant] could not receive a fair trial.

Brief for Appellant at 78–79 (emphasis supplied). The record indicates, however, that the jury was *not* present when appellant was held in contempt. N.T. November 19, 1986 at 25–30. Thus, this argument is frivolous.

biased, or unfair, we cannot conclude that counsel was ineffective for failing to preserve for review a claim based upon the court's allegedly improper conduct during the trial. *See Commonwealth v. Pettus, supra,* 492 Pa. at 563, 424 A.2d at 1335.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.