634 A.2d 254

**COMMONWEALTH of Pennsylvania**

v.

**Robert Edward CLARK, Appellant.**

Superior Court of Pennsylvania.

Submitted July 20, 1993.

Filed Nov. 15, 1993.

---

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Scott A. Bradley, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before CAVANAUGH, BECK and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County, dated January 15, 1992, after appellant was convicted of possession of a controlled substance,[1] possession of a controlled substance with intent to deliver,[2] and possession of drug paraphernalia.[3] We affirm.

Appellant was arrested on the aforementioned charges in connection with a Pittsburgh police investigation which targeted him as a drug dealer. Pittsburgh narcotics detectives located appellant conducting a drug sale in the city's Hill District. Police subsequently arrested appellant. A jury was impaneled for trial on September 9, 1991. The following day, the jury adjudged appellant guilty of all the charges. On January 15, 1992, the trial court sentenced appellant. This timely appeal followed in which appellant raises two issues for our review:

1. Was counsel ineffective for failing to file a motion to suppress the evidence alleging that the search was without probable cause;

2. was counsel ineffective for failing to file a motion in arrest of judgment alleging that there was insufficient

---

1. 35 P.S. § 780–113(a)(16).

2. *Id.* § 780–113(a)(30).

3. *Id.* § 780–113(a)(32).

evidence to establish that Mr. Clark possessed heroin with the intent to deliver it?

We shall address each of these claims.

Our standard of review for allegations of ineffective assistance of counsel is well-established and quite narrow. Ineffectiveness claims are subject to a three-part analysis. First, it must be demonstrated that the underlying claim is of arguable merit. Next, it must be determined whether counsel's choice of action had some reasonable basis designed to effectuate his or her client's interests. Finally, a showing must be made of how counsel's choice of action prejudiced the client. *Commonwealth v. Tavares*, 382 Pa.Super. 317, 321, 555 A.2d 199, 201 (1989), *allocatur denied*, 524 Pa. 619, 571 A.2d 382 (1989). Prejudice in the context of a claim of ineffective assistance of counsel is determined by an evaluation of whether "but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different." *Commonwealth v. Petras*, 368 Pa.Super. 372, 376, 534 A.2d 483, 485 (1987). The law presumes that counsel was effective, so that the burden of establishing ineffectiveness rests squarely upon the defendant. *Commonwealth v. Smith*, 380 Pa.Super. 619, 624, 552 A.2d 1053, 1056 (1989), *allocatur denied*, 525 Pa. 581, 575 A.2d 112 (1990). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Cook*, 383 Pa.Super. 615, 623, 557 A.2d 421, 425 (1989). Moreover, in making assertions of ineffectiveness, a claimant must allege sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective since the appellate courts will not consider such claims in a vacuum. *Commonwealth v. Durst*, 522 Pa. 2, 4, 559 A.2d 504, 505 (1989).

In his first claim, appellant argues that trial counsel was ineffective for failing to file a motion to suppress the physical evidence in this case. In this regard he avers that the police did not have probable cause to arrest him. As we set forth in our decision in *Commonwealth v. Frank*, 407 Pa.Super. 500, 595 A.2d 1258 (1991),

A police officer may arrest without a warrant where there is probable cause to believe that a felony has been committed and that the arrestee is the felon. Probable cause exists where the facts and circumstances within the knowledge of the officer are reasonably trustworthy and sufficient to warrant a person of reasonable caution in believing that the arrestee has committed the offense. [*Commonwealth v. Chase*, 394 Pa.Super. 168, 171, 575 A.2d 574, 575 (1990)], *citing Commonwealth v. Travaglia*, 502 Pa. 474, 484, 467 A.2d 288, 292 (1983). Furthermore, the standard of probable cause must be applied to the totality of the circumstances facing the police. Thus, "when we examine a particular situation to determine if probable cause exists, we consider all factors and their total effect, and do not concentrate on each individual element.... We also focus on the circumstances as seen through the eyes of a trained officer, and do not view the situation as an average citizen might.... Finally, we must remember that in dealing with questions of probable cause, we are *not* dealing in certainties. We are dealing with the factual and practical considerations of everyday life on which reasonable and prudent men act. This is not the same 'beyond a reasonable doubt' standard which we apply in determining guilt or innocence at trial." *Chase, supra*, 394 Pa.Super. at 172, 575 A.2d at 575–76 (emphasis in original).

*Commonwealth v. Frank*, 407 Pa.Super. at 505–06, 595 A.2d at 1261.

■ When police observe citizens engaged in seemingly suspicious transactions on public streets, the determination of whether probable cause exists can be a difficult one. *Commonwealth v. Agnew*, 411 Pa.Super. 63, 76, 600 A.2d 1265, 1272 (1991). Moreover, not all commercial transactions involving unidentified property give rise to probable cause to arrest. *Id.* (quoting *Commonwealth v. Lawson*, 454 Pa. 23, 28–29, 309 A.2d 391, 394 (1973). Nonetheless, probable cause to arrest may exist where the police find a known drug dealer, in an area known for its high volume of drug transactions, conducting an exchange indicative of a drug transaction. *Common-*

*wealth v. Frank,* 407 Pa.Super. at 509–10, 595 A.2d at 1263; *Accord Commonwealth v. Burnside,* 425 Pa.Super. 425, 625 A.2d 678 (1993).

In the case *sub judice,* the Commonwealth adduced the following evidence: On September 25, 1990, City of Pittsburgh Police Officer Charles Provident, was part of a plain-clothes narcotics detail which was assigned to patrol an area of the Hill District of Pittsburgh known for its high volume of drug traffic. N.T. 9/9/91 at 26, 40. Officer Provident indicated that in his three and one-half year tenure as a police officer, he observed over 700 drug transactions. N.T. 9/9/91 at 59. Officer Provident was working with three other policemen in the investigation which specifically targeted appellant as a drug dealer. N.T. 9/9/91 at 51.

When Officer Provident, who was driving his patrol car, located appellant, he (appellant) was standing with an unknown individual. Officer Provident observed the unknown individual hand appellant an undetermined amount of United States currency. N.T. 9/9/91 at 29. Officer Provident then testified that appellant "reached into his mouth, made a motion as he took something out of his mouth, reached back out towards the unknown individual with a closed fist with his hand in a downward motion." N.T. 9/9/91 at 31–32, 41. Officer Provident announced "roll call" and his unit proceeded towards appellant who retracted his hand and placed the unknown contents back into his mouth. As Officer Provident's car approached the location where appellant was standing, he saw appellant attempt to swallow. Officer Provident grabbed appellant by the throat and instructed appellant to spit out the contents in his mouth. Eventually appellant ejected three small white knotted balloons which were later determined to contain .24 grams of heroin. N.T. 9/9/91 at 32–35, 58. The police also found ten dollars in appellant's possession, as well as two syringes. N.T. 9/9/91 at 37.

Officer Provident related that it is a common practice among drug dealers to hold narcotics encased in balloons in their mouth. This is done so that they can swallow the drugs

in the event the police stop them. Thus, the police cannot recover the evidence. N.T. 9/9/91 at 35. At the time Officer Provident proceeded to arrest appellant, he did not know what appellant took from his mouth. N.T. 9/9/91 at 42–43.

   The facts therefore indicate that Officer Provident and his colleagues specifically targeted appellant for drug dealing activities. The police officers located appellant in an area known for a high volume of drug trafficking. Finally, they observed appellant in a commercial transaction whereby he exchanged materials kept in his mouth for money. Officer Provident testified that in his experiences, it is a common practice among drug dealers to keep their stash in their mouths so that they can swallow the evidence if they are caught. Thus, appellant's own action of taking materials from his mouth during a commercial transaction indicated that he was engaging in the sale of controlled substances. "To rule otherwise would be to take a 'myopic view of the facts and render a decision totally devoid of commonsensical inferences to be drawn by trained police officers with regard to drug activity.'" *Commonwealth v. Burnside,* 425 Pa.Super. at 431, 625 A.2d at 681 (1993) (quoting *Commonwealth v. Mallory,* 418 Pa.Super. 614, 623, 614 A.2d 1174, 1179 (1992)). *Compare Commonwealth v. Agnew, supra* (police observance of unknown individuals engaging in an unknown and inconspicuous exchange did not establish probable cause to stop). Since the police had probable cause to arrest appellant, appellant's claim is without arguable merit and, accordingly, must fail.

   Appellant next argues that trial counsel was ineffective for failing to file a motion in arrest of judgment since the evidence was insufficient to establish his conviction for possession of a controlled substance with intent to deliver. In determining whether appellant's claim has arguable merit, we must necessarily consider the sufficiency of the evidence used to convict him. It is well settled that when sufficiency of the evidence claims are raised, "an appellate court must review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner and

determine whether on the record there is a sufficient basis to support the challenged conviction." *Commonwealth v. Madison,* 501 Pa. 485, 490, 462 A.2d 228, 231 (1983) (citations omitted). The proper application of this test requires us to evaluate the entire trial record and all evidence actually received, in the aggregate and not as fragments isolated from the totality of the evidence. *Commonwealth v. Harper,* 485 Pa. 572, 576, 403 A.2d 536, 538 (1979). *See also Commonwealth v. Griscavage,* 512 Pa. 540, 517 A.2d 1256 (1986) (explicating appropriate application of standard of review set forth in *Harper, supra* ). This standard means that we must view the evidence in the light most favorable to the Commonwealth as the verdict winner and, drawing all proper inferences favorable to the Commonwealth, determine if the jury could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Edwards,* 521 Pa. 134, 143, 555 A.2d 818, 823 (1989). We note that the trier of fact is free to believe all, part, or none of the evidence presented, *Griscavage,* 512 Pa. at 546, 517 A.2d at 1259, and that "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Harper,* 485 Pa. at 576, 403 A.2d at 538.

Appellant contends that, according to his testimony, his actions indicate that he was purchasing drugs and not selling them. We disagree. Officer Provident observed appellant receive money from an unknown individual. *After* receiving the money, appellant reached into his mouth and pulled away with a closed fist reaching towards the unknown individual. After the police announced "Roll call," appellant placed the unknown materials back into his mouth and attempted to swallow the contents. Officer Provident extracted the unknown materials from appellant's mouth and found balloons containing heroin. Officer Provident's testimony indicated that drug dealers commonly place controlled substances into balloons and then place the balloons into their mouths so that they can swallow the substances if caught. Even though the police found only a small amount of heroin in

appellant's possession, this fact becomes insignificant when coupled with other facts concerning the manner in which the drug transaction occurred. *Compare Commonwealth v. Smagala,* 383 Pa.Super. 466, 557 A.2d 347 (1989), *allocatur denied,* 524 Pa. 619, 571 A.2d 382 (1989) (facts unequivocally indicated that the defendant was merely a drug user; no evidence was adduced to link the defendant with cocaine distribution). The police observations of appellant accepting money from an unknown individual and, in return attempting to give the individual a balloon containing heroin which was housed in his mouth is sufficient to convict appellant of possession with intent to deliver. Thus, appellant's ineffectiveness claim in this regard is meritless.

Judgment of sentence affirmed.