J-S52024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARNET D. SMITH | : | |
| | : | |
| Appellant | : | No. 2956 EDA 2018 |

Appeal from the PCRA Order Entered September 10, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0332181-1985.

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED NOVEMBER 07, 2019**

Garnet D. Smith appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On November 2, 1980, when Smith was twenty-five years old, he shot and killed a man outside of a bar in Germantown, Pennsylvania. On December 3, 1986, a jury convicted Smith of first-degree murder[2] and possession of an instrument of a crime ("PIC").[3] The trial court sentenced Smith to life imprisonment without the possibility of parole for murder, and a consecutive term of two and one-half to five years of imprisonment for PIC. This Court affirmed Smith's judgment of sentence, and on March 12, 1990, the Supreme

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 2502(a).

[3] 18 Pa.C.S.A. § 907.

Court of Pennsylvania denied *allocatur*. **See Commonwealth v. Smith**, 552 A.2d 1053 (Pa. Super. 1988), *appeal denied*, 575 A.2d 112 (Pa. 1990). Smith did not seek review with the United States Supreme Court. Therefore, Smith's judgment of sentence became final ninety days thereafter, on June 11, 1990. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.

Smith filed his first *pro se* PCRA petition in 1993, and his second *pro se* petition in 2005. The PCRA court dismissed those petitions, and this Court affirmed the dismissals. **See Commonwealth v. Smith**, 724 A.2d 211 (Pa. Super. 1999) (unpublished memorandum); **Commonwealth v. Smith**, 964 A.2d 446 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 983 A.2d 1248 (Pa. 2009).

On April 24, 2014, Smith filed the instant *pro se* petition, which he styled as a petition for writ of *habeas corpus*. Therein, Smith argued that he was entitled to relief because his life sentence without the possibility of parole was unconstitutional under the United States Supreme Court's decision in **Allyene v. United States**, 133 S. Ct. 2151 (2013). Despite Smith's classification of his filing as a petition for writ of *habeas corpus*, the PCRA court treated it as a PCRA petition, and issued a Pa.R.Crim.P. 907 notice of intent to dismiss the petition as untimely. Smith filed a response to the Rule 907 notice. On September 10, 2018, the PCRA court entered an order dismissing the petition. Smith filed a timely *pro se* notice of appeal. The PCRA court did not order Smith to file a Pa.R.A.P. 1925(b) concise statement, but it authored an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal Smith raises the following issue for our review: "Did the trial court err by reviewing [Smith's] *habeas corpus* petition as a PCRA petition and dismissing it as untimely warranting a remand to the trial court for an adjudication on the merit of the *habeas corpus* petition?" Smith's Brief at 6.

Our standard of review of an order dismissing a PCRA petition is limited to considering "whether the determination of the PCRA court is supported by evidence of record and is free of legal error." **Commonwealth v. Brandon**, 51 A.3d 231, 233 (Pa. Super. 2012).

Smith argues that the PCRA court erred in treating his *habeas corpus* petition as a PCRA petition subject to timeliness considerations. He contends that his *habeas corpus* petition fell outside the scope of the PCRA because he argued therein that his life sentence without the possibility of parole is unconstitutional under **Alleyne**.[4] Specifically, Smith asserts that **Alleyne**, when read in conjunction with **Miller v. Alabama**, 567 U.S. 460 (2012) (holding that mandatory minimum life sentences without possibility for parole for persons under the age of eighteen violate the Eighth Amendment's prohibition on cruel and unusual punishment), and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016) (holding that **Miller** applies retroactively to cases on collateral appeal), dictates that Smith's age was an element of the crime that should have been determined by a jury beyond a reasonable doubt.

_____

[4] **Alleyne** held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proven beyond a reasonable doubt. 133 S. Ct. at 2160-61.

- 3 -

Accordingly, Smith claims that his sentence is unconstitutional because he received a mandatory minimum life sentence without the possibility of parole, and a jury never determined beyond a reasonable doubt that he was over the age of eighteen. Smith further argues that, because the claim raised in his *habeas corpus* petition implicates the constitutionality of his sentence, it is not cognizable under the PCRA, or subject to its limitations.

First, we address whether the PCRA court correctly treated Smith's petition as a PCRA petition. "[B]oth the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim." ***Commonwealth v. Hackett***, 956 A.2d 978, 985 (Pa. 2008). The PCRA provides that, "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, ***including habeas corpus*** and *coram nobis*." 42 Pa.C.S.A. § 9542 (emphasis added). Pennsylvania's *habeas corpus* statute provides that "the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa.C.S.A. § 6503(b). Thus, where a petitioner's claim is eligible for relief under the PCRA, the petitioner ***must*** proceed thereunder. ***See Commonwealth v. Peterkin***, 722 A.2d 638, 641 (Pa. 1998). Entitling a petition as a writ of *habeas corpus* rather than a PCRA petition does not remove the petition from

- 4 -

the subject matter or the requirements of the PCRA. *See Commonwealth v. Breakiron*, 781 A.2d 94, 96 n.2 (Pa. 2001).

Pennsylvania courts have consistently held that "[i]ssues concerning the legality of sentence are cognizable under the PCRA." *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004). The PCRA itself states that "[t]his subchapter provides for an action by which . . . *persons serving illegal sentences* may obtain collateral relief." 42 Pa.C.S.A. § 9542 (emphasis added). Moreover, this Court has specifically held that *Alleyne* claims implicate the legality of the sentence and, therefore, fall within the ambit of the PCRA. *See Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015) (holding that petitioners can raise an *Alleyne* claim in a timely PCRA petition where the petitioner's direct appeal was still pending when *Alleyne* was decided); *see also Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (holding that a challenge to a sentence premised upon *Alleyne* implicates the legality of the sentence). Thus, Smith's challenge to the legality of his sentence based upon *Alleyne* is cognizable under the PCRA, and the trial court properly construed Smith's petition for writ of *habeas corpus* as a PCRA petition.

Having concluded that Smith's *Alleyne* claim is cognizable under the PCRA, we next address whether the PCRA court erred in determining that it lacked jurisdiction to review Smith's petition. Pursuant to § 9545, PCRA petitions "shall be filed within one year of the date the judgment became final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at

- 5 -

the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's time restrictions are jurisdictional in nature; thus, if a PCRA petition is untimely, no court has the legal authority to address the substantive claims raised in the petition. *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa. Super. 2017).

As noted above, Smith's judgment of sentence became final on June 11, 1990. Smith filed the instant petition on April 24, 2014, almost 24 years after his judgment of sentence became final. Thus, Smith's petition is facially untimely, and the PCRA court lacked jurisdiction to address it unless Smith pled and proved one of the three exceptions set forth in § 9545(b)(1).[5]

---

[5] The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

Additionally, Smith must establish that he filed the petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[6]

In his petition, Smith did not attempt to establish any of the PCRA's timeliness exceptions. Indeed, in his appellate brief, Smith explicitly concedes that in his original petition and amendment thereto, he "did not advance a timeliness exception." Smith's Brief at 8. Instead, Smith's entire argument is premised upon his claim that the PCRA's time restrictions do not apply to his petition for writ of *habeas corpus*. However, as we have already determined, Smith cannot avoid the dictates and limitations of the PCRA merely by styling his petition as a writ of *habeas corpus*. **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013) (holding that an appellant's writ of *habeas corpus* that challenges the legality of sentence should be treated as PCRA petition because "the PCRA is intended to be the sole means of achieving post-conviction relief"). Thus, because Smith failed to plead and prove any of the timeliness exceptions provided in § 9545(b)(1), we conclude that the PCRA court correctly determined that it lacked jurisdiction to consider the merits of Smith's untimely petition.

As the record supports the PCRA's courts findings and the order is free

---

[6] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year. **See** Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3. Because Smith filed this appeal prior to the effective date of the amendment, the sixty-day time period applies in this appeal. **See Commonwealth v. Beatty**, 207 A.3d 957, 962 n.3 (Pa. Super. 2019).

of legal error, we affirm the PCRA court's order dismissing Smith's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/19